HENRY R. RUSH, Plaintiff, *v.* OLIVE F. RUSH, Defendant.

Supreme Court, Broome County, August 3, 1932.

*H. L. Hart*, for the plaintiff.

*John A. Smith*, for the defendant.

PERSONIUS, J. Briefly this complaint alleges that the parties are husband and wife; that the plaintiff turned over to the defendant his wages for many years and also certain lump sums under an agreement that the defendant would pay certain expenses and accumulate the surplus in joint deposit accounts and joint investments, the defendant to act as agent and trustee of the fund for the plaintiff; that the defendant kept some of such surplus in the joint names of the parties and some in her own name; that the plaintiff and defendant have separated; that she retains all the papers in her exclusive control, refuses access thereto to the plaintiff and has refused to account for the income. The complaint demands an accounting and a partition of the securities or a sale and division of the proceeds.

The defendant seems to argue that the plaintiff is not entitled either to an accounting or to a division of the funds. She cites authorities which involve tenancy by the entirety. Such a tenancy is not severable so as to destroy the right of survivorship. It has been said that its distinguishing characteristic is its " inseverability." But there is no tenancy by the entirety in personal property. (*Scutella* v. *County, etc., Co.*, 231 App. Div. 343, 346; *Matter of Blumenthal*, 236 N. Y. 448, 453.) However, the same authorities hold that there may be a joint tenancy in personal property with the right of survivorship.

A joint tenancy in personal property may be severed and the right of survivorship destroyed. A joint tenant of personal property may take and use a moiety or less and thus destroy the joint tenancy. The doctrine of survivorship applies only if the joinder is not

severed. (*Matter of Suter*, 258 N. Y. 104, 106; *Matter of McKelway*, 221 id. 15, 19.)

" Partition between co-owners is a matter of individual right; and hence, as legal remedies are confessedly inadequate, any court having general equity jurisdiction to grant partition may do so upon the application of any owner of personal property in common whose title is clear; nor can the unwillingness of the other party or parties defeat his right. An actual partition of the property is the preferred relief thus afforded; but if division be impracticable, a sale of the chattel or chattels will be ordered with an accounting and division of the proceeds." (Schouler Pers. Prop. [5th ed.] § 166-a, p. 245; Dwight Law of Persons & Pers. Prop. 460, and cases cited, including *Tinney* v. *Stebbins*, 28 Barb, 290, 292.)

In *Loker* v. *Edmans* (204 App. Div. 223), cited by the defendant, the court did say that it found " no authority holding that a joint tenant has a right to compel partition of personal property * * * at will." Without holding that a joint tenant could compel partition at will, it said that sufficient reason existed in that case for equitable interference and partition because the status of the parties had been so changed by divorce that they could not " mutually enjoy the joint benefits which were contemplated." In the present case the parties have separated and, although the change in their status has not been adjudicated, it nevertheless exists and they cannot mutually enjoy the joint benefits which were contemplated by the joint ownership.

A tenant by the entirety is entitled to an accounting of income from his cotenant (*Maekotter* v. *Maekotter*, 74 Misc. 214); likewise a tenant in common (*Gedney* v. *Gedney*, 19 App. Div. 407; affd., 160 N. Y. 471; *Ladner* v. *Rieger*, 160 App. Div. 695). In *Messing* v. *Messing* (64 App. Div. 125) is a discussion as to whether the parties held as tenants by the entirety or joint tenants. The court said (at p. 127): " Whatever is the character of the estate held by the grantees, the plaintiff is entitled to her proportion of the rents and profits and the income * * *. One joint tenant may recover by action ' his just proportion against his co-tenant who has received more than his own just proportion.' "

This complaint also alleges that the defendant was acting as the plaintiff's agent and trustee. This fiduciary relationship is a ground for an accounting. " It is not, of course, essential to the right to an accounting that a legal partnership exist. If the persons stood in a mutual and confidential relation to each other and had a joint interest in the result of an adventure, either may demand an accounting with a view to ascertain the profit or loss and their respective rights." (*Schantz* v. *Oakman*, 163 N. Y. 148, 157.) " It is not

necessary that there be a technical trust. Equity will take jurisdiction where there is a relation of agency and confidence and the agent has received property of the principal for which he refuses to account." (*Talmudic, etc., Co.* v. *Lewin,* 226 App. Div. 1, 2.) (See, also, *Fur, etc., Co.* v. *Fox, Inc.,* 245 N. Y. 215.)

We think the complaint states a cause of action entitling the plaintiff to an accounting and partition. Motion denied, with costs.

Submit order accordingly.