EMMA HEYMAN, Plaintiff, *v.* SIDNEY W. HEYMAN, Defendant.*

Supreme Court, Special Term, New York County, October 16, 1940.

---

* Affd., 261 App. Div. 814.

*Benjamin Leibowitz*, for the plaintiff.

*Walter Bishop*, for the defendant.

PECORA, J. Defendant moves under rule 107 of the Rules of Civil Practice for an order dismissing the complaint, upon the ground that there is an existing final judgment of this court which determined, upon the merits, the same cause of action set forth in the complaint. Extensive research has failed to disclose any case in which the courts have been called upon to decide the precise question presented upon this motion.

The instant action is one by a wife against her husband, in which she invokes her common-law right to recover expenditures alleged to have been made by her, out of her separate estate, for her reasonable support and maintenance for the period between August 10, 1939, and April 22, 1940.

An action for separation was heretofore brought in this court by plaintiff against defendant. Plaintiff alleged therein that defendant had failed to provide for her from August 11, 1939. The usual motion was made at the outset of that action for alimony *pendente lite*. The learned court at Special Term denied that motion without opinion. Upon appeal, the learned Appellate Division, without opinion, affirmed the order of denial. Such a motion, of course, is addressed to the court's discretion. The particular reasons why the court declined to exercise its discretion favorably to the application do not appear in the record. It is well known, however, that the usual ground for the denial of such a motion is that, upon the papers, the court is not impressed with the likelihood of a termination of the action in the wife's favor.

In any event, the fact here is that upon the trial of the separation action the wife prevailed, for she obtained a judgment of separation with an award of permanent alimony. The parties waived the making of formal findings. The proposed decree submitted by the wife in that action asked that the permanent alimony be allowed *nunc pro tunc* as of the time of the commencement of the action. The husband opposed the inclusion of that provision in the decree. The decree signed by the learned court awarded permanent alimony only from the date of the commencement of the actual trial on April 23, 1940. No appeal has been taken from that judgment.

It is now defendant's contention that the final judgment in the separation action was a complete determination of the extent of the husband's liability to support his wife, both for the past and the future, and that, therefore, the present action is barred under the doctrine of *res judicata*.

Certain principles applicable to the solution of the problem raised seem to be well settled. An award of temporary alimony, no matter how inadequate, fully measures the husband's common-law liability for support. (*Turner* v. *Woolworth*, 221 N. Y. 425.) Where, however, alimony *pendente lite* has been denied, it has been held that such common-law liability is not thereby discharged. (*Elder* v. *Rosenwasser*, 238 N. Y. 427; *Dravecka* v. *Richard*, 267 id. 180.) In *Elder* v. *Rosenwasser* (*supra*) the court said (p. 432): " But the court made no allowance. The parties were left to their rights and liabilities existing at the beginning of the separation action."

In a final decree of divorce or separation, it is within the court's discretion to provide that alimony be paid *nunc pro tunc* as of the time of the commencement of the action. (*McCarthy* v. *McCarthy*, 143 N. Y. 235; *Doncourt* v. *Doncourt*, 245 App. Div. 91; *Forrest* v. *Forrest*, 25 N. Y. 501, 518.)

Succinctly stated, the question arising here is whether the common-law action for support and maintenance, which the wife obviously had up to the time of the final judgment of separation, was destroyed by the court's failure in its discretion to make the permanent alimony payable *nunc pro tunc* as of the time of the commencement of the action. In my opinion, the court's decision, at most, was merely a refusal to extend a discretionary power which it had, without necessarily imposing a penalty upon plaintiff for having unsuccessfully asked for the exercise of that discretion. Such a failure by the court to exercise its discretion is not a determination on the merits of plaintiff's right of support.

Various reasons suggest themselves for the court's refusal to allow the alimony retroactively, which have no basis in the merits of the proceedings. For instance, the court might not have desired to give plaintiff the drastic remedy of contempt for a default in paying the back alimony, and hence restricted plaintiff to her common-law action where execution upon defendant's property would be the sole remedy. Again, in a common-law action, plaintiff would have to prove the separate items of necessaries for which she had expended her funds; whereas, for an award of alimony, the proof would not have to be so complete. The grant of alimony is thus a broader remedy than the one plaintiff now seeks. Should the court's failure, under such circumstances, to exercise its discretion in the wife's favor, be given the effect of an adjudication which bars her suit in enforcement of her common-law right? Such a holding would, in my opinion, lead to injustice. The public policy which justifies the doctrine of *res judicata* neither contemplates nor requires any other conclusion.

If defendant's present contention were upheld, it would make no difference whether or not the court, in the separation action, had been asked to exercise its discretion to award alimony retroactively. The rule of *res judicata*, if applicable, would make the final judgment a bar in either case. The sound public policy behind the doctrine of *res judicata* seeks the definitive termination of litigation, rather than its prolongation. The right which a wife has at common law to support from her husband also is founded upon a sound public policy. I do not consider that the decision of this motion requires the making of a choice between these two legal fundamentals; for, in my opinion, the conflict between them here is more apparent than real. But if one must be adopted, over the other, this court feels, because of the facts peculiar to this case, that the interests of justice dictate the denial of the motion to dismiss the complaint, especially in the absence of a compelling precedent to the contrary.

Considered from the realistic standpoint, the instances in which temporary alimony is denied in a matrimonial action and in which the plaintiff eventually obtains judgment in her favor, are rare. The evil of multiplicity of suits or continued litigation is thus practically reduced to a negligible minimum in these cases by the conclusion here reached.

Motion denied. Settle order.