BELLA BATKIN CART, Plaintiff, *v.* HARRY CART, Defendant.
(Action No. 2.)

Supreme Court, Trial Term, Bronx County, May 13, 1941.

*Samuel Weisman*, for the plaintiff.

*Milton M. Cramer*, for the defendant.

BERNSTEIN, J.   This is an action for the dissolution of a bank account standing in the names of the parties and subject to with-

drawal only upon the signatures of both of them, and for an adjudication that the moneys in said account constitute the property of the plaintiff alone.

The proof establishes the following facts: The parties were married on December 22, 1938, at a civil ceremony performed in the Bronx Borough Hall, but with the understanding that a rabbinical marriage ceremony would follow within a few weeks thereafter. Prior to the civil marriage, the plaintiff had on deposit in various savings banks in the city of New York a sum in excess of $12,000. Pursuant to an arrangement then entered into between the parties, it was planned that this money was to be used by them for the furnishing of an apartment and the equipment of an office and for general investment for their joint benefit after the consummation of the contemplated rabbinical ceremony. In furtherance of that plan, the plaintiff withdrew $12,000 from her savings bank accounts and, on December 22, 1938, within an hour prior to the performance of the civil marriage ceremony, deposited it in the Public National Bank and Trust Company of New York in the names of herself and the defendant. The pass book evidencing the deposit was thereupon received by the plaintiff and retained by her at all times since.

No rabbinical marriage ceremony was ever performed, and an action for annulment instituted by this defendant and in which this plaintiff counterclaimed for the same relief, tried simultaneously with this action, has resulted in a finding for this plaintiff.

There is a statutory presumption that a bank deposit made by a person in the names of himself and another person and in form to be paid to either or the survivor of them, is the property of both as joint tenants (Banking Law, § 239), but *during the joint lives of such persons* the presumption may be overcome by evidence showing a contrary intention. (*Olshan* v. *East New York Savings Bank*, 28 F. Supp. 727; *Matter of McCarthy*, 164 Misc. 719; affd., 254 App. Div. 827; *Matter of Buchanan*, 184 id. 237; *Scanlan* v. *Meehan*, 216 id. 591; *Schultz* v. *Dry Dock Savings Institution*, 135 Misc. 343.) As Judge CARDOZO expressed it in *Moskowitz* v. *Marrow* (251 N. Y. 380): " The statute, as I view it, does not mean that between the persons named as depositors a joint tenancy ensues at once and automatically, as an irrebuttable presumption, with the result that neither will be permitted even during the joint lives to prove against the other that the deposit was made with a contrary intention. * * * For the depositors themselves, the form is not conclusive in any contest during their joint lives as to the title to the moneys [p. 396]. * * * The true agreement may be proved, though in proving it there is a departure from the terms of

the presumption. * * * When * * * a contest in the courts ensues during the joint lives of the depositors, distribution is to be determined, not solely by the terms of the deposit, which then ceases to be conclusive, but by the realities of ownership." (p. 399).

The account in this case, it may be noted, was opened before the parties were married. It was entitled in the names of Harry Cart and Bella Batkin, the maiden name of the plaintiff. The deposit was made in a joint form, not as a gift to the defendant, but as an assurance to him that it would be used by both parties for the described purposes only after the contemplated rabbinical marriage ceremony should have been performed. Until that time there was not only to be no consummation of the marriage by cohabitation but, as the defendant himself expressed it, the plaintiff was not to be regarded as his wife. Until that time it was intended that the moneys should remain the property of the party who deposited them. When the contemplated event failed, the purpose for which the account was opened also failed (*Rubin* v. *Joseph*, 215 App. Div. 91), and distribution must then be determined, as Judge CARDOZO put it, by the realities of ownership.

Courts of equity have always recognized the right to dissolve jointly-owned accounts by severance or partition where the status of the parties who had established the accounts has changed to a degree where they can no longer enjoy the joint benefits originally contemplated. A dissolution of the marriage is such a change of status. (*Loker* v *Edmans*, 204 App. Div. 223; *Rush* v. *Rush*, 144 Misc. 489.) Even mere separation, before adjudication, is sufficient to warrant equitable relief. (*Rush* v. *Rush*, *supra*; *Richman* v. *Richman*, N. Y. L. J. March 9, 1938, p. 1166.) As the late Justice NOONAN stated it in the *Richman* case: " ' Although the change in their status has not been adjudicated, it nevertheless exists, and they cannot mutually enjoy the joint benefits which were contemplated by the joint ownership.' * * * Proof as to why the parties separated and which party was at fault will be without pertinence to the cause of action for partition of the joint funds, since the plaintiff need merely show the change of status and not the reasons therefor." Here, this court has found the defendant at fault and has directed the entry of a judgment of annulment in the plaintiff's favor. There has thus been a complete change of status, which furnishes ample reason for equitable action looking toward a dissolution of the account and the distribution of the moneys according to the realities of ownership. Since these moneys were wholly deposited by the plaintiff, she is entitled in good conscience to be repossessed of them in full.

Settle findings and judgment accordingly.