amount of $500. Appeal from the order superseded by the order made on reargument dismissed, without costs. Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur.

HARRY FISHMAN and CELIA FISHMAN, Respondents, v. LOUIS GELB, Appellant. — In an action to recover damages for personal injuries sustained respectively by a husband and wife, for damages to personal .property of the husband, and for his damages by reason of expenses and loss of his wife's services, judgment in favor of plaintiffs, entered upon the verdict of jury, reversed on the facts and a new trial granted, with costs to the appellant to abide the event. In our opinion the verdict is against the weight of evidence upon the issues relating to liability of the defendant. Lazansky, P. J., Johnston, Adel, Taylor and Close, JJ., concur.

LILLIAN N. GLASER, Appellant, v. PHILIP F. GLASER, Respondent.— In an action by the plaintiff wife against the defendant husband for an accounting of funds deposited in two savings banks in the joint .names of the parties, payable to either or, in case of death, to the survivor, judgment dismissing the complaint on the merits after trial, unanimously affirmed, without costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Adel and Close, JJ.

LOUIS HOFFERMAN, Respondent, v. MAURICE SIMMONS, as Property Clerk of the Police Department of the City of New York, Appellant.█— Order of the Appellate Term, affirming a judgment of the Municipal Court of the City of New York, Borough of Brooklyn, in favor of plaintiff, for $650.55, affirmed, with costs. (See Rader v. Simmons, ante, p. 415, decided herewith.) Lazansky, P. J., Carswell and Johnston, JJ., concur; Taylor and Close, JJ., dissent and vote to modify the order of the Appellate Term so as to provide that the judgment of the Municipal Court in favor of the plaintiff be reduced to the sum of $500.55, and, as so modified, to affirm the order, with costs to the appellant. In this case the plaintiff is a bookmaker and operated a gambling room. When the police raided the place, some sixty men were in the room for the purpose of placing bets with the plaintiff. Upon the table was the sum of $150, which was placed there by the patrons in making their bets. In the plaintiff's pocket was $500. Both sums were seized by the police. No claim is made by the defendant as to the money found on the plaintiff's person. The sum of $150 is held by the defendant as property clerk of the police department of the city of New York. In our opinion the money found on the table and concededly used in gambling constitutes the " proceeds of crime " and for the reasons given in the dissenting memorandum in Rader v. Simmons (ante, pp. 415, 421), decided herewith, the plaintiff has no title thereto. [See 177 Misc. 962. See, also, post, p. 955; 265 App. Div. 935.]

In the Matter of Supplementary Proceedings: S. LEIGHTON FROOKS, Appellant, v. WILL N. CLURMAN, Respondent. (Appeal No. 1.) — Appeal from an order denying a judgment creditor's motion, pursuant to section 788 of the Civil Practice Act, to punish a judgment debtor for false swearing. Order affirmed, without costs. No opinion. Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur.

In the Matter of Supplementary Proceedings: S. LEIGHTON FROOKS, Appellant, v. WILL N. CLURMAN, Respondent. (Appeal No. 2.)— Appeal from order denying motion of judgment creditor to require judgment debtor to turn over to a receiver certain shares of bank stock. Order affirmed, without costs. No opinion. Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur.