Shientag, J.
The day these parties were married, plaintiff, the wife, pursuant to an antenuptial agreement, deposited $10,000 of her own money in the name of herself and her husband. She had refused to make him a gift of the funds. The husband was to open a business; the money was to be used for that purpose; or, in any event, as the court below found, “ for the mutual benefit of the plaintiff and her husband during their married life. ’ ’
No business was opened and soon after the marriage the parties separated. The money was deposited with the defendant National City Bank under what was labelled a “ JOINT ACCOUNT AGREEMENT ” (tenants in common). It was not a statutory deposit (Banking Law, § 239), for it did not provide for joint ownership with the right of either to draw upon the fund and with a complete right of survivorship. On the contrary, the deposit agreement with the bank provided that the husband and wife were to be tenants in common; that the signatures of both parties were required for any withdrawal; and that upon the death of either of the parties the amount then remaining on deposit shall belong “ to the survivor of us and the estate of the deceased of us ”.
Husband and wife having separated and their status having changed to a degree where they can no longer enjoy the benefits of the deposit as originally contemplated, in other words the purpose of the deposit having failed, a court of equity has the power to dissolve the account by severance or partition (Cart v. Cart, 176 Misc. 457; Loker v. Edmans, 204 App. Div. 223; Moskowitz v. Marrow, 251 N. Y. 380). This the court below proceeded to do.
Both parties claimed to be entitled to the entire deposit less the sum due from the husband to the bank on three loans for which the bank claimed a banker’s lien or right of offset against the bank account. However, the court behxw held that each of the parties was entitled to one half of the amount of the deposit, with the sum due to the bank charged against the interest of the defendant husband. The husband is content with *5 this decision; the wife, however, appeals to this court, claiming to be entitled to the entire deposit less the bank’s lien for the sum due from the husband up to the time notice of the dispute between husband and wife was given to the bank. This sum, it is conceded, amounts to $2,208.13.
We believe that the court below erred in failing to award the entire amount of the deposit to the wife, subject to the bank’s lien. In the lifetime of the parties, once the severance of the deposit is directed, ‘ ‘ distribution is to be determined, not solely by the terms of the deposit, which then ceased to be conclusive, but by the realities of ownership.” (Moskowits v. Marrow, 251 N. Y. 380, 399, supra, per Cardozo, Ch. J.). This principle applies to a statutory joint deposit; it should apply with equal, if not greater, force to a deposit in the form here made. The court properly found that no gift to the husband was intended. The incidents of a gift inter vivos were here lacking. The deposit failed to create any present interest therein on the part of the husband.
Even the ordinary tenancy in common does not necessarily mean that each of the tenants has a one-half interest. It may be shown as between the parties what the true situation is as to ownership. One may have an infinitesimal interest and the other, for all practical purposes, be the real owner. It being undisputed that the money deposited had belonged to the wife, the purpose of the deposit having failed, it should, subject to the bank’s lien, be returned to her in its entirety.
The judgment below should be accordingly reversed, without costs, and judgment directed declaring plaintiff the lawful and rightful owner of the fund, free of any claim thereto of the defendant Sam Goldsmith, and directing payment thereof to her, subject to the lien of the defendant bank, which is fixed in the sum of $2,208.13, and declaring plaintiff subrogated to the bank’s rights on the loans giving rise to such indebtedness. All findings of fact and conclusions of law made below inconsistent with this opinion are reversed. Settle order setting forth new findings of fact and conclusions of law in accordance with this opinion.
Peck, P. J., Dobe, Callahah and Vah Vooehis, JJ., concur.
Judgment unanimously reversed, without costs, and judgment directed declaring plaintiff the lawful and rightful owner of the fund, free of any claim thereto of the defendant Sam Goldsmith, and directing payment thereof to her, subject to the lien of the defendant bank, which is fixed in the sum of $2,208.13, *6 and declaring plaintiff subrogated to the bank’s rights on the loans giving rise to such indebtedness. All findings of fact and conclusions of law made below inconsistent with the opinion herein are reversed. Settle order on notice setting forth new findings of fact and conclusions of law in accordance with said opinion herein.