Anthony J. Di Gtovanna, J.
This is an action brought by plaintiff husband to compel his wife to give him one half of the proceeds of a joint ¡savings bank account, the entire amount of which she withdrew.
The complaint stated a cause of action for money had and received but in order to avoid any question as to whether such law action was maintainable, a stipulation was entered upon the record whereby the attorneys agreed that the court could render any judgment as would be warranted by the facts. It was intended thereby that the court could render any judg *153 ment, in law or in equity, as would do justice between the parties under the facts as proven in this case.
In only two cases cited have law actions of this nature been sustained. In Michaels v. Michaels (69 N. Y. S. 2d 668) a judgment for conversion was rendered to the extent of one half of a joint bank account on the theory that plaintiff was entitled to his moiety. In Baker v. Baker (187 Misc. 309) a judgment for conversion was rendered granting one half of the withdrawn funds on the theory of ‘ ‘ unjust enrichment. ’ ’ The cases cited in both of the foregoing decisions dealt with situations arising after the death of one of the spouses.
As contrasted therewith, complaints in equity have been sustained several times on the theory that a change in the relationship of the parties warranted equitable intervention. In Cart v. Cart (176 Misc. 457) dissolution of a joint bank account was allowed where the marriage had been annulled. In Loker v. Edmans (204 App. Div. 223) a partition of a joint bank account was allowed where the parties had become divorced. In Rush v. Rush (144 Misc. 489) a motion to dismiss a complaint for an accounting and partition was denied.
It would seem, therefore, that once a joint tenancy has been created, the interest of either joint tenant is in the entire bank account and not in a part thereof. If one withdraws the entire account, the interest of the other is not thereby destroyed but equity may very well say that the one who has withdrawn the money has become the banker thereof!
In the instant case the parties were married in 1943 and resided in an apartment in a house owned by the plaintiffs mother. Both were employed by the mother in a dress business. However, the testimony in this case convinces the court that plaintiff’s interest in that dress business was greater than that of a mere employee.
Bach of the parties had separate savings bank accounts of amounts surprisingly more substantial than possible of accumulation if their testimony concerning the wages paid to them by plaintiff’s mother is accepted as true.
Prior to November 28, 1947 the defendant had a savings account in the East Brooklyn Savings Bank in the amount of $3,700.51. The plaintiff had an account in the same bank in the sum of $3,322.19. Each testified that an agreement had been made to open some sort of an account which Avould guarantee to the other that in the event of death of one the other would receive all of the money.
Defendant says that in furtherance of this agreement she Avent to the bank and changed her account into a joint account *154 in the manner provided for in section 239 of the Banking Law; that before she did -so plaintiff agreed to do the same with his account. On the date that she effectuated the change in her account (Nov. 28, 1947) plaintiff went to his bank but instead of creating a joint bank account created one in his name in trust for his wife.
The court finds that it cannot believe either party as to the source of the funds in their separate accounts because the income of each was too small to have permitted savings of such large amounts. Full and truthful disclosure of the source has not been made. There has been considerable testimony concerning other bank accounts in which large sums of money were deposited in addition to the ones in question here. Such large sums of money could not have come from their meagre earnings.
Eventually the accounts in question were increased in size. The defendant’s account reached the sum of $4,982.08 and the plaintiff’s the sum of $5,092.48. After the parties had separated, on June 14, 1949, the defendant withdrew all her money from the joint account. The plaintiff withdrew all his money from the trust account on June 24, 1949.
The court finds that it was the intention of the parties herein to create joint tenancies with respect to both accounts and the mere fact that the plaintiff failed to effectuate the change in the manner provided in section 239 of the Banking Law does not alter that fact. In accepting the plaintiff’s claim for relief from unjust enrichment of the wife, the court must take into consideration that the plaintiff cannot obtain for himself unjust enrichment. In view of the fact that these bank accounts were joint funds, as is evidenced by the oral agreement testified to by both parties, and in view of the fact that the parties have become separated and no longer intend to live together, the court decrees that there should be such division of all the moneys in both bank accounts. Therefore, while the plaintiff had an equal share in the defendant’s money, the defendant had an equal share in the plaintiff’s money and the difference on the closing dates was $110.40. Because no counter-claim was pleaded, the court grants judgment to the defendant dismissing the first cause of action. In reaching this conclusion, the court does not take into consideration any of the other bank accounts owned by the plaintiff, first, because it is impossible from the testimony herein to determine whose money went into those bank accounts and, secondly, there has been no agreement testified to with respect to the joint ownership thereof.
As to the second cause of action wherein plaintiff says that at the time of the separation the defendant had $2,000 in cash *155 at home belonging to both, intended to be used for household purposes, the court again finds that the conflicting testimony, first, as to the source of the moneys and secondly, as to the amount thereof, is so inconsistent with the testimony concerning their earnings as to make it impossible for the court to conclude that the plaintiff has sustained his burden of proof in respect to this cause of action. The defendant has denied that any such sum of money actually was in the home. The improbability of accumulation thereof, taking into consideration their meagre earnings, can lead to no other conclusion.
Judgment for the defendant dismissing the complaint on the merits.