Thomas A. Aurelio, J.
This is a consolidated trial between husband and wife of a separation action and an action to dissolve various bank accounts, to declare plaintiff husband the lawful owner thereof, and for concomitant relief.
Plaintiff husband is presently 83 years of age. Defendant wife is presently 66 years old. At the time of their marriage on July 13, 1946 they were both widowed. They are presently living separate and apart.
Upon the record presented I have reached the conclusion that plaintiff has satisfactorily established the right to a decree of separation from the defendant. I am well satisfied that defendant beat and mistreated plaintiff, doused him with water to compel him to leave the apartment, forced him to leave the apartment early each morning and refused to allow him to return before 6:00 p.m., took away and refused plaintiff a key to the apartment, and otherwise was cruel and abusive to him. Not only was plaintiff justified in leaving the defendant, but in fact was forced to do so by her general course of conduct to him. The counterclaim interposed is wholly without merit.
I conclude further that plaintiff has satisfactorily established his right to be repossessed of the moneys in the various bank accounts here involved, and to the proceeds from the sale of the premises at 2018 Gleason Avenue, The Bronx, New York. With regard to the bank deposits there is, of course, a statutory presumption that they are the property of both plaintiff and defendant as joint tenants. (Banking Law, § 239.) This presumption may however be overcome during the joint lives of the parties by evidence showing a contrary intention. As stated by Judge Cardozo in Moskowits v. Marrow (251 N. Y. 380, 396-399): “ The statute * * * does not mean that between the persons named as depositors a joint tenancy ensues at once and automatically, as an irrebutable presumption, with the result that neither will be permitted even during the joint lives to prove against the other that the deposit was made with a contrary intention. * * * For the depositors themselves, the form is not conclusive in any contest during their joint lives as to the title to the moneys, * * * When * * * a contest in the *29 courts ensues during the joint lives of the depositors, distribution is to be determined, not solely by the terms of the deposit, which then cease to be conclusive, but by the realities of ownership.” Moreover, where the status of the parties to a joint account so changes that they can no longer enjoy the benefits originally contemplated a court of equity will dissolve the account, and in such event distribution will be made in accordance wth the realities of ownership. Here the moneys and property involved concededly belong to the plaintiff alone.
From the evidence it is quite obvious that plaintiff never intended to divest himself of the funds or to bestow upon defendant title to any part thereof. I find that plaintiff created the bank accounts in joint form and turned over to the defendant the proceeds from the sale of the property for convenience only, and because of the natural trust stemming from the marital relationship. I am convinced plaintiff never intended to divest himself of the ownership thereof, or to bestow upon defendant title to any part thereof.
The validity of the advance payment of rent for the apartment presently occupied by the defendant is not within the issues before me at this time and is hence not passed upon. This disposition is without prejudice to any relief plaintiff may feel advised to seek after an accounting has been had between the parties.
Judgment is rendered granting a decree of separation to the plaintiff, dismissing the counterclaim for a separation on the merits, and granting judgment in favor of plaintiff as prayed for in the property action. All motions upon which the court reserved decision and not herewith disposed of are denied. The above constitutes the decision of the court. The judgment to be settled in the property action shall be on notice and in form satisfactory to the various banks involved.
Settle judgment in the respective actions accordingly within five days.