## 34694.   TOMPKINS *v.* TOMPKINS.

DECIDED JULY 14, 1953.

564

*Pierce Brothers,* for plaintiff in error.

*Killebrew & McGahee,* contra.

TOWNSEND, J. It appears from the petition that, aside from any other consideration as to whether a valid contract is alleged, the agreement was oral, and the obligation, if any, of the defendant thereunder required a space of fifteen months for performance. Code § 20-401 provides in part: "To make the following obligations binding on the promisor, the promise must be in writing, signed by the party to be charged therewith or some person by him lawfully authorized, viz. . . 5. Any agreement (except contracts with overseers) that is not to be performed within one year from the making thereof." Code § 20-402 provides in part: "The foregoing section does not extend to the following cases, viz. . . 3. Where there has been such part performance of the contract as would render it a fraud of the party refusing to comply, if the court did not compel a performance." But "the *mere* circumstance that a verbal agreement has been in part performed can afford no reason, such as to control the action of any court, whether of law or equity, for

holding the parties bound to perform what remains executory. The doctrine of equity in such cases is, that where an agreement has been so far executed by one party with the tacit encouragement of the other, relying upon his fulfillment of it, that for the latter to repudiate and shelter himself under the provision of the statute would amount to a fraud upon the former, that fraud will be defeated by compelling him to carry out the agreement." *Brunswick Grocery Co.* v. *Lamar,* 116 *Ga.* 1 (2), 6 (42 S. E. 366); *Nellis & Co.* v. *Houser,* 33 *Ga. App.* 266 (2, 3) (125 S. E. 790). Where the allegations of the petition, construed adversely to the pleader, are not sufficient to show that the petitioner has suffered any injury, part performance will not remove the contract from the statute of frauds. *Alsobrook* v. *Taylor,* 181 *Ga.* 10 (4) (181 S. E. 182); *General Accident Fire &c. Corp.* v. *Kimberly,* 61 *Ga. App.* 153 (6 S. E. 2d 78); *White* v. *Simplex Radio Co.,* 61 *Ga. App.* 157, 159 (5 S. E. 2d 922); *Hotel Candler* v. *Candler,* 198 *Ga.* 339 (1, 2) (31 S. E. 2d 693). The agreement here appears to have been that, if the defendant would pay part of the purchase price of the automobile, the latter would be "used for the accommodation and pleasure of said minor children at certain times." The money being a gift to the plaintiff, as alleged, the only obligation assumed by the plaintiff was that such funds, when received, would go toward the purchase of the car, and that the car would be used for the accommodation of the children during a portion of the time. No part performance of these obligations by the plaintiff is alleged. It is alleged that she paid the instalment notes in full, but it is not alleged that she has not, as sole owner of the automobile, received full value for her money. There is, in consequence, no such part performance by her as would result in a fraud being perpetrated upon her if the defendant were not compelled to comply with the otherwise unenforceable agreement.

The trial court did not err in sustaining the general demurrers and dismissing the petition.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*