Janet Glass, Plaintiff, *v.* Edward C. Glass, Defendant.

Supreme Court, Special Term, Queens County, July 9, 1962.

*Tompkins & Lauren* for plaintiff. *Robinson, Thebner & McLaughlin* for defendant.

LESTER HOLTZMAN, J. In an action for an accounting, the plaintiff in two concurrent motions seeks (1) to modify the defendant's demand for a bill of particulars by striking all the items therein except items 2, 10, 17 and 19 and (2) for summary judgment. The defendant cross-moves to dismiss the first, second and third causes of action in the complaint for legal insufficiency.

The plaintiff's first motion seeking to modify the defendant's demand for a bill of particulars is granted. All the items therein, excepting items 2, 10, 17 and 19, are to be stricken. This is an action for an accounting and the defendant is not entitled to particulars of matters which he will have the duty to account for in the first instance. (*Fulmer* v. *Ashton*, 5 A D 2d 991.)

To facilitate the disposition of the motions herein, the court will now deal with the defendant's motion to dismiss certain causes of action in the complaint for legal insufficiency.

The defendant argues that the first cause of action in the complaint is legally insufficient inasmuch as it merely alleges that the parties were and still are husband and wife and were the joint owners of various deposits in certain bank accounts; that the plaintiff is owner of one half of such deposits and that the defendant wrongfully withdrew all the sums therefrom without plaintiff's knowledge. Assuming the truth of those allegations, the defendant contends there is no showing that any source of the funds originated with the plaintiff or that there was an agreement indicating an intention to create joint ownership in the afore-mentioned accounts. Such allegations are necessary, concludes the defendant, since personalty taken in the joint names of husband and wife, consideration for which is the husband's sole money or property, merely confers upon the wife the right to succeed by survivorship in the absence of proof of a different intention declared at the time of execution, and that during the lifetime of the husband, he retains complete ownership, control and right of disposition and the wife has no interest therein enforcible against him.

Bank accounts in the names of a husband and wife raise a rebuttable presumption that they are held by the parties as joint tenants. This presumption, however, may be overcome during the joint lives of the parties by showing a contrary intention. (See Banking Law, §§ 134, 239; *Matter of Juedal,* 280 N. Y. 37; *Marrow* v. *Moskowitz,* 255 N. Y. 219; *Loeb* v. *Dry Dock Sav. Bank,* 4 A D 2d 190, affd. 4 N Y 2d 810; *Denton* v. *Grumbach,* 2 A D 2d 420; *Stevens* v. *Stevens,* 4 Misc 2d 27, affd. 281 App. Div. 816.) While it is true that if personal property, including bank accounts, is taken in the names of a husband

and wife, and it is established that the husband's sole money was used, then, in the absence of proof of a different intent declared at the time of the execution, the wife merely has a right to succeed by survivorship and during the husband's life, he retains complete ownership, control and right of disposition and the wife has no interest therein enforcible against him. However, if the source of ownership of the funds used to acquire the personal property is unknown or jointly contributed, then the husband and wife take the property as tenants in common unless it is specifically stated that they are to take as joint tenants. (See *Belfanc* v. *Belfanc,* 252 App. Div. 453, affd. 278 N. Y. 563; see, also, *Matter of Otte,* 15 A D 2d 819.)

In the case at bar the source of the moneys in the various bank accounts, at this stage of the litigation, is not known and remains to be established. It may be that such bank accounts resulted from joint contributions of both the husband and wife herein. The first cause of action in the instant complaint has alleged that the bank accounts in the various banks were in the names of the plaintiff and defendant jointly. This allegation, together with the rebuttable presumptions raised thereby, is enough to establish initially a claim by the plaintiff to the various bank accounts involved herein. In view of the foregoing the court is of the opinion that the first cause of action is legally sufficient.

With respect to the second cause of action, the defendant contends that the allegations that the plaintiff and defendant were owners of certain securities as joint tenants; that by virtue of such joint ownership, the plaintiff was entitled to one half thereof; that the defendant without plaintiff's knowledge or consent has wrongfully taken possession of and withheld such securities and that the plaintiff has no adequate remedy at law, and thus should be entitled to an accounting, are legally insufficient since in fact the plaintiff has a perfectly adequate legal remedy in an action for conversion.

Securities, like other personal property purchased in the joint names of a husband and wife, without proof of a contrary intention, are owned by such parties — as the case may be — as joint tenants or tenants in common. (See *Loeb* v. *Dry Dock Sav. Bank,* 4 A D 2d 190, affd. 4 N Y 2d 810, *supra; Belfanc* v. *Belfanc,* 252 App. Div. 453, affd. 278 N. Y. 563, *supra; Gaffney* v. *Gaffney,* 10 A D 2d 723; *Matter of Otte,* 15 A D 2d 819, *supra.*)

Complaints in equity have been sustained in actions to determine the rights of parties concerning property held as joint tenants or tenants in common. (*Rapisardi* v. *Rapisardi,* 28 Misc 2d 152, affd. 278 App. Div. 863.) More specifically, causes of action for an accounting of personal property, including bank

accounts and securities, among other things, held by the parties as joint tenants or tenants in common, have been sustained. (See *Miller* v. *Miller,* 271 App. Div. 1020; *Glaser* v. *Glaser,* 37 N. Y. S. 2d 477, affd. 264 App. Div. 884; *Rush* v. *Rush,* 144 Misc. 489.)

The reasons for sustaining an equitable action, such as an accounting, are not only in the nature of the tenancy such that a fiduciary relationship of principal and agent exists, wherein the tenant holding the property is deemed an agent receiving and dealing with the property of the other tenant, who is deemed a principal (*Rush* v. *Rush, supra*), but it may be that an action for conversion would not lie since the taking and holding of the property may not be unlawful, inasmuch as the form of ownership would permit either party to take possession of all the property, as each is entitled to an undivided one-half interest in the whole (see *King* v. *King,* 13 A D 2d 437, 440; *Rapisardi* v. *Rapisardi, supra,* p. 153), or the remedy of conversion may be inadequate, since one of the tenants of property held in common or jointly may not know the amount or value of the property held and thus, would need an accounting. (See *Rush* v. *Rush, supra.*) Thus the court is of the opinion that the second cause of action is legally sufficient.

In connection with the third cause of action which concerns the alleged joint ownership of personal property, including household goods and effects, the defendant contends that it is insufficient for the same reasons that the second cause of action is insufficient in that it seeks to state a cause of action in equity, i.e., a cause of action for an accounting but that the plaintiff has an adequate remedy at law.

For the reasons stated in connection with the second cause of action, the court is of the opinion that the third cause of action is legally sufficient.

Accordingly, the defendant's motion is in all respects denied.

Finally, the plaintiff's motion for summary judgment is denied. Issues of fact which cannot summarily be disposed of are raised by defendant's contention that he furnished the consideration for the personalty allegedly jointly held by the parties, and is thus at the present time the owner of such property, and, in connection with the cause of action concerning the alleged partnership, that such partnership was merely for family convenience and that at no time was the plaintiff entitled to any share of the profits or any proprietary interest.