◾ PATRICIA W. SILBERT, Respondent, v. ARTHUR FREDERICK SILBERT, Appellant. (Action No. 1.) ARTHUR F. SILBERT, Appellant, v. PATRICIA W. SILBERT, Respondent. (Action No. 2.) — In consolidated actions (1) by the wife against the husband, for a judicial separation (Action No. 1); and (2) by the husband against the wife, for the conversion and detention of certain furniture and furnishings (Action No. 2), in which the wife interposed five counterclaims, the parties cross-appeal as follows from a judgment of the Supreme Court, Westchester County, entered August 5, 1964 upon the decision and opinion of the court after a nonjury trial: (1) the husband appeals from the judgment insofar as it is in the wife's favor in both actions; (2) the wife appeals, on the ground of inadequacy, from so much of the judgment as: (a) awarded $125 per week for the support of the minor issue of the marriage; (b) allowed $7,151.53 on her fifth counterclaim; and (c) allowed counsel fees in the sum of $8,000. The wife has not appealed from the dismissal of her third counterclaim. Judgment modified on the law and the facts as follows: (a) by striking out the tenth decretal paragraph, providing that

the husband pay the wife the sum of $4,060, with interest, on the fourth counterclaim, and by substituting therefor a provision dismissing said fourth counterclaim; (b) by amending the eleventh decretal paragraph, respecting the fifth counterclaim, so as to direct the husband to pay to the wife the sum of $5,000 thereon, instead of $7,151.53; and (c) by amending the twelfth decretal paragraph, respecting the allowance of counsel fees, so as to direct the husband to pay to the wife the sum of $5,000 in two installments of $2,500 each, instead of the sum of $8,000 in two installments of $4,000 each. As so modified, judgment, insofar as appealed from by the respective parties, affirmed, without costs. Findings of fact which may be inconsistent herewith are reversed, and new findings are made as indicated herein. It is our opinion that the record presents questions of fact as to whether the husband was guilty of abandonment and cruel and inhuman treatment as alleged in the amended complaint, and that the trial court's findings in the wife's favor on the factual issues should not be disturbed (cf. *Diemer* v. *Diemer*, 8 N Y 2d 206; 1 Nelson, Divorce and Annulment [2d ed], §§ 6.20, 6.24; *Amend* v. *Hurley*, 293 N. Y. 587, 594). The wife's endurance of the husband's wrongful conduct, up to the time of the separation, did not constitute a condonation thereof (cf. *Fisher* v. *Fisher*, 223 App. Div. 19, 22, affd. 250 N. Y. 313). On the record presented we believe the trial court's award of $225 per week as alimony for the wife and $125 per week for the support and maintenance of the three infant children of the parties was proper. However, we are of the opinion that the allowance of $8,000 for counsel fees was excessive. An award may be made only for the services rendered in the separation action (cf. Domestic Relations Law, § 237; *Griffin* v. *Griffin*, 275 App. Div. 541, 542); and, in our opinion, $5,000 would be adequate compensation for such services. It is also our opinion that the husband's action for the return of the furniture and furnishings taken by the wife, or for damages, was properly dismissed. The proof supports the court's finding that the property was "the joint property of the parties," and the court was justified in awarding possession of the property to the wife, as permitted by statute (Domestic Relations Law, § 234). The proof also sustains the court's findings in the wife's favor on her first two counterclaims, for one half of 3,333 shares of stock in the joint names of the parties and for one half the dividends thereon. We are of the opinion, however, that the proof was insufficient to support the finding in favor of the wife on her fourth counterclaim, for one half the amount on deposit in a savings bank account, payable to the husband or wife, or the survivor. The trial court found "that it was the intention of the parties * * * in opening and maintaining [the] savings account * * * in their joint names to create a present proprietary interest in the sums in that account in the [wife] as a joint tenant." The creation of the joint account in such form established a joint tenancy (Banking Law, § 239, subd. 3); and, where the funds constituting the deposit were previously the property of one of the depositors, there was a rebuttable presumption during their joint lives that a gift of one half the deposit was made to the other (*Williams* v. *Menz*, 20 A D 2d 749). The proof in the instant case was to the effect that the money in the joint account at the time of trial was the husband's; and there was no denial of the husband's testimony that it was not his intention to make a gift to his wife by such deposits but that the money was placed in the joint account merely for convenience, in the event of his death. Under such circumstances, the statutory presumption of joint ownership was rebutted and the wife was not entitled to one half the account (cf. *Glaser* v. *Glaser*, 37 N. Y. S. 2d 477; affd. 264 App. Div. 884, mot. for lv. to app. den. 289 N. Y. 852; *Stevens* v. *Stevens*, 4 Misc 2d 27, affd. 281 App. Div. 816). We are also of the opinion

that the award of $7,151.53 in the wife's favor on her fifth counterclaim, for necessaries, should be reduced to $5,000, the amount demanded in the counterclaim. While the denial of her motion for temporary alimony was not a bar to her action for necessaries (*Elder* v. *Rosenwasser,* 238 N. Y. 427; *Heyman* v. *Heyman,* 175 Misc. 69, affd. 261 App. Div. 814), there could be no recovery for a sum greater than the amount requested in the prayer for relief (*Michalowski* v. *Ey,* 7 N Y 2d 71, 75). That principle is not affected by section 3017 of the CPLR (cf. *Michalowski* v. *Ey, supra,* pp. 75-76). If it be assumed that the court granted the wife's motion, made for the first time at the end of her case, to increase the *ad damnum* clause, it is our opinion that such a ruling was an improvident exercise of discretion (cf. *Gilliam* v. *S. M. Johnson, Inc.,* 11 A D 2d 769). Ughetta, Acting P. J., Kleinfeld, Brennan, Hill and Hopkins, JJ., concur.