Joseph P. Sullivan, J.
This is an action by a depositor of two joint savings accounts against the codepositor and the depository banks to recover the proceeds of said accounts. The codepositors are mother and daughter. The mother sues naming the daughter as a party defendant because of the daughter’s assertion of a moiety interest in both bank accounts. Prior to the commencement of this lawsuit, the daughter placed a stop order against both bank accounts pursuant to section 675 of the Banking Law. It was this act which prompted the commencement of this lawsuit. The defendant banks have taken the position of a stakeholder, pending a resolution of this controversy (Banking Law, § 239, subd. 6, par. [b]).
A preliminary issue is raised inasmuch as the defendant daughter has challenged the jurisdiction of this court to hear *851 and decide the merits of this case. In her ad damnum, clause, the mother asks for, inter aUa, a declaratory judgment that she is the rightful owner of the funds on deposit in the two accounts. Concededly, this court lacks equity jurisdiction to reach such a determination. The mother also asks for judgment directing the defendant banks, upon execution and delivery of properly executed withdrawal slips and presentation of the passbooks, to pay her the moneys on deposit. The court construes the latter prayer as a demand for a money judgment.
CPLft 3017 (subd. [a]) provides that the court may grant any type of relief within its jurisdiction appropriate to the proof whether demanded or not. If a plaintiff establishes a right to money damages, the complaint ought not to be dismissed merely because it was framed in equity (Kaminsky v. Kahn, 23 A D 2d 231; Lane v. Mercury Record Corp., 21 A D 2d 602).
The question still remains, however, whether this court, in order to reach the merits and decide the case is, in fact, exercising equity jurisdiction. For reasons that will appear manifest in the balance of this decision this court believes that it is not.
The evidence indicates that these accounts were opened on May 5, 1969 and July 7, 1969, respectively, shortly after the death of plaintiff’s husband, the father of the defendant.
One of the accounts was opened from the proceeds of a closed account which had been in plaintiff’s name, individually. The other was opened from the proceeds of insurance on the life of plaintiff’s husband which were paid to plaintiff, as beneficiary.
The evidence is clear that the accounts were opened as a convenience to the mother, then 75 years of age.
At the time, mother and daughter enjoyed a normal and happy relationship. Although there were other children, the defendant was the only child residing in this country.
The mother testified, without any dispute on the issue, that her purpose in opening tiñese joint accounts was to enable her daughter to deposit and make withdrawals for her. She thereafter kept possession of the passbooks at all times except during a several-month trip abroad. The mother further testified that in opening these accounts she had no intention of making a gift to her daughter of any interest in the accounts.
It is a fact, too, that the daughter never deposited any moneys of her own to either of these accounts nor did she ever make any withdrawals therefrom.
Subdivision (a) of section 675 of the Banking Law provides that upon the opening of a joint account in proper form, the deposit ‘1 shall become the property of such persons as joint *852 tenants ” and a statutory presumption of joint tenancy with sole title on survivorship is created (subd. [b]).
However, the statutory presumption is not conclusive as to ownership and when the deposit is made in joint form for convenience only and not for the purpose of making a gift to the other party, the party making the deposit may recover (Scanlan v. Meehan, 216 App. Div. 591; Banking Law, § 675, subd. [b]). The statutory presumption of joint ownership is a rebuttable one and where the joint account was created as a matter of convenience with no intention of conferring a beneficial interest upon the codepositor the presumption is rebutted (Matter of Reardon, 52 Misc 2d 371, affd. 29 A D 2d 630, affd. 22 N Y 2d 928). A similar result was reached in Silbert v. Silbert (22 A D 2d 893, affd. 16 N Y 2d 564); Glaser v. Glaser (37 N. Y. S. 2d 477, affd. 264 App. Div. 884, mot. for lv. to app. den. 289 N. Y. 852); Stevens v. Stevens (4 Misc 2d 27, affd. 281 App. Div. 816).
Chief Judge Cabdozo, with his usual perception and clarity, stated the proposition as follows in Moskowitz v. Marrow (251 N. Y. 380, 396-397, 399): “ The statute * * * does not mean that between the persons named as depositors a joint tenancy ensues at once and automatically, as an irrebutable presumption, with the result that neither will be permitted even during the joint lives to prove against the other that the deposit was made with a contrary intention. * * * For the depositors themselves, the form is not conclusive in any contest during their joint lives as to the title to the moneys * * *. When * * * a contest in the courts ensues during the joint lives of the depositors, distribution is to be determined, not solely by the terms of the deposit, which then cease to be conclusive, but by the realities of ownership.”
On her case the daughter controverted none of the essential facts, apparently being satisfied to stand on the statutory presumption. Unfortunately for her the presumption could not withstand scrutiny.
Accordingly, the court finds the moiety asserted by the daughter to be a fiction. In reaching such conclusion, this court is not “ judicially declaring ” or “ setting aside ”, both of which are functions peculiar to a court of equity. There is an element of judicial declaration everytime a court exercises its responsibility to fact find.
The finding reached here is that the presumption of moiety never attached. Once that fact is established there is no status or relationship existing between the parties to the dissolution or reformation of which the exercise of equity is required.
*853 Judgment may be entered against each of the defendant banks for the sums sought in the complaint without interest, costs or disbursements. The cross claims asserted by the defendant daughter against the banks are dismissed.