Gabrielli, J.
(dissenting in part). It has long been the *519 law in this State that a court in a tax certiorari proceeding cannot grant relief in excess of the relief demanded in the taxpayer’s petition (People ex rel. Universal Business Corp. v Lewis, 242 App Div 888, affd 267 NY 617; Matter of Wright v Commissioner of Assessment & Taxation, 242 App Div 886, affd 267 NY 615; People ex rel. Interstate Land Holding Co. v Purdy, 206 App Div 606, affd 236 NY 609). By its decision today, however, the majority has determined to abandon that rule and to adopt in its stead one which would permit a court, on its own motion, to reduce an assessment below the assessed valuation alleged by the taxpayer throughout the entire proceeding. Because I conclude that this new rule is contrary both to public policy and to the established practice of our courts in civil litigation, I must respectfully cast my vote in dissent, although I do not disagree with majority’s disposition of the other issues in this appeal.
There is little doubt that in an ordinary civil action the plaintiff cannot recover more than the amount specified in the ad damnum clause of his complaint (Michalowski v Ey, 7 NY2d 71, 75; Corning v Corning, 6 NY2d 97, 105; Silbert v Silbert, 22 AD2d 893, 895, affd 16 NY2d 564; see 3 Weinstein-Korn-Miller, NY Civ Prac, par 3017.06, p 30-366). Indeed, the lower courts generally will not even permit a party to amend his ad damnum to increase the amount demanded after a case has been calendared if there is any danger at all that his opponent’s position will be prejudiced (see, e.g., Ryan v Collins, 33 AD2d 966; see, generally, Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, C3025:14, p 484).
Yet in this case, which involves a municipal respondent, the majority has brushed aside this well-settled principle as a mere “pleading technicality” and has permitted recovery in excess of the relief demanded in the pleadings despite the manifest presence of prejudice. Had the city been given fair warning through the pleadings that a greater reduction in assessment would be sought, it might have been able to meet the taxpayers’ claims at trial by introducing proof to demonstrate the inaccuracy of the figure which was ultimately determined to be the correct valuation of the taxpayers’ property. The city had no *520 opportunity to do so, however, because in this case no mention was made of the lower assessment figures until the Appellate Division handed down its decision reducing the assessments below the figures alleged in the taxpayers’ petitions. I can envision no clearer example of prejudice than is suggested by the facts in this case, where the respondent received no notice of the extent of the claim it would be required to disprove until after the case was briefed and argued on appeal.
The majority reasons that there is no unfairness in the instant proceeding because “it is the very purpose of a tax review proceeding To arrive at a fair and realistic value of the property involved.’ ” (At pp 512-513.) This rationale appears to be based upon the assumption that there exists some absolute figure which represents the true full market value of a parcel of realty and that this figure may be ascertained in the abstract without direct reference to the various claims of the parties. As our experience with tax certiorari proceedings demonstrates, however, the assessment of real property is an area fraught with uncertainty. There is no guaranteed method for arriving at an accurate valuation figure, and the most that can be expected from our judicial system is a fair approximation based, upon an objective effort to reconcile of the parties’ conflicting claims. Inasmuch as the courts’ estimates as to the proper valuation figure for a particular property are no more likely to be accurate than are the estimates which the parties have made through their pleadings, it seems somewhat unrealistic to suggest that the abandonment of the Purdy rule will somehow advance the quest for “fair and realistic” valuations in tax certiorari proceedings.*
*521 Of even greater concern in this case is the impact that the majority’s holding will have upon the ability of municipal governments to make intelligent budgetary decisions. In order to determine how much money they may appropriate or spend in any given year for essential services and debt service, municipalities must be able to estimate with a fair degree of accuracy the amount of revenue that they will be able to raise through the system of local real property taxation. To be sure, a degree of uncertainty will always be present, since there may always be challenges to individual assessments that will have to be resolved in the courts. The extent of potential revenue loss resulting from such challenges, however, has always been limited by the amount of the tax reductions claimed by the taxpayers in their certiorari petitions. Since these petitions are generally served within a short time after the assessment roll is completed and filed (see Real Property Tax Law, § 702, subd 2), the municipality is ordinarily given early notice of the amount of tax revenues that will remain in jeopardy pending judicial review. Under the rule announced by the majority today, however, the pleadings are no longer controlling. As a consequence, municipalities will be left in doubt about the extent of their potential liability for tax refunds until all of the assessment challenges have been finally resolved by the last appellate court. While this uncertainty may not be of serious import in cases involving individual taxpayers with small land holdings, it could well pose a severe problem when a single large corporate land *522 owner which controls a substantial portion of the tax base challenges its assessment.
For all of the foregoing reasons, I would hold that the relief awarded to the taxpayer cannot exceed the relief demanded in the pleadings and that the amount of reduction awarded by the Appellate Division in the first two above-entitled cases should be modified to conform to the amounts claimed in the petitions.
In Grant Co. v Srogi and Guth Realty v Srogi: Order affirmed, without costs.
Judges Jones, Wachtler, Fughsberg and Meyer concur with Judge Jasen ; Judge Gabrielli dissents in part and votes to modify in a separate opinion in which Chief Judge Cooke concurs.
In Grant Co. v Srogi: Order reversed, with costs, motion for preliminary injunction denied, and question certified answered in the negative.
Judges Jones, Wachtler, Fughsberg and Meyer concur with Judge Jasen ; Judge Gabrielli concurs in a separate opinion in which Chief Judge Cooke concurs.

 I fear that the holding in this case is representative of a disturbing tendency to brush aside well-settled rules of law when application of the rules would not produce the desired result (see, e.g., Matter of Dudley v Kerwick, 52 NY2d 542). There can be no doubt that ancient legal principles may become outdated necessitating a careful re-exámination of existing precedent. But such re-examination should be undertaken only with the greatest caution, since “there is potential for jurisprudential scandal in a court which decides one way one day and another way the next” (People v Hobson, 39 NY2d 479, 488; compare Greschler v Greschler, 51 NY2d 368 [declaratory judgment action in which complaint fails to state cause of action requires declaration of rights rather *521 than dismissal], with Combustion Eng. v Traveler’s Ind. Co., 53 NY2d 875 [declaratory judgment action in which complaint fails to state cause of action dismissed]). To be sure, our natural sympathies in a given case may lead us to become impatient with the constraints imposed by precedent. We may not, however, permit our sympathies and empty generalizations about “fairness” and “justice” to obscure our fundamental responsibility to apply our own reason as well as the reason of the past to the difficult problems that are placed before us.
In this case, the majority has chosen to overrule a well-established rule of law solely on the basis of its view that “because the Real Property Tax Law relating to assessment review is remedial in character, it should be construed in such a way that the taxpayer’s right to have his assessment reviewed * * * [is] not * * * defeated by a pleading technicality.” (At p 513.) Because I cannot accept such, generalizations as a substitute for reasoned analysis, I prefer, in accordance with the principle of stare decisis, to adhere to the rule established in our prior decisions.