## 61682. DAVIDSON v. WALSH.

SHULMAN, Presiding Judge.

Plaintiff brought suit to collect on a loan of $20,000 she made to her daughter and son-in-law (not a party to this appeal) for their use toward the purchase of a house. Plaintiff asserted that the principal amount of the loan was to be repaid at the time of the sale of the house. Defendants (appellant and her husband) disagreed, contending that the face amount of the loan was to be repaid at such time as they were in a financial position to repay the loan. In any

event, it was agreed that, until the time of repayment, a 6% annual interest rate would be assessed on the loan, payable in monthly installments of $100.

After several thousand dollars in past due interest had accrued, appellant agreed to pay $200 in monthly interest charges ($100 current interest and $100 back interest). When the interest payments once again became delinquent (approximately five years after the loan was made), plaintiff demanded payment of the full amount of the principal debt. Appellant and her husband refused to repay the loan in full but, instead, offered that appellant's husband would assume liability for the loan and make a $200 monthly payment to the plaintiff (which payment plaintiff accepted for several months). Finally, despite repeated requests for payment of the principal debt, plaintiff refused to accept further $200 payments and brought the instant action. Upon the grant of plaintiff's motion for summary judgment on her suit on the loan, as well as the grant of plaintiff's motion for summary judgment on a counterclaim brought by defendant to recover certain alleged gifts of joint accounts, appellant brings this appeal. We affirm.

1. Plaintiff argues that because there was no specific date established for repayment of the loan (inasmuch as defendants did not repay the loan upon the sale of their house), payment of the loan was due upon demand. See in this regard *Mock v. Canterbury Realty Co.,* 152 Ga. App. 872, 881 (264 SE2d 489).

Appellant disagrees, arguing that her husband's subsequent assumption of liability for the debt and his agreement to make $200 monthly payments to the plaintiff was a "new" agreement and that such agreement superseded the parties' prior agreement. Appellant claims that the $200 represented both interest and principal and that a definite date was thus established for repayment of the loan. Appellant submits that the new agreement, though oral, was binding on both parties and that plaintiff's demand for immediate payment of the debt was, therefore, in derogation of that agreement. Consequently, appellant argues, the trial court's grant of plaintiff's motion for summary judgment was improper. We disagree with appellant's contentions.

Notwithstanding the validity of appellant's claim of an alleged new agreement, we find, in accordance with plaintiff's contentions, that any such oral agreement was voidable under the Statute of Frauds (Code Ann. Ch. 20-4). Code Ann. § 20-401 sets forth those agreements which must be in writing: ". . . 2. A promise to answer for the debt, default, or miscarriage of another . . . 5. Any agreement (except contracts with overseers) that is not to be performed within one year from the making thereof." The "new" agreement allegedly

made by appellant's husband fits both categories.

It is appellant's contention that the Statute of Frauds cannot be used to void the agreement for two reasons: (1) plaintiff failed to assert the Statute in her pleadings; and (2) plaintiff's acceptance of several $200 checks constituted partial performance removing the oral agreement from the parameters of the Statute. Despite appellant's assertions to the contrary, it is this court's opinion that the Statute is applicable.

The person sought to be charged with the oral agreement in the instant case is, of course, the plaintiff. Therefore, plaintiff is entitled to use the Statute of Frauds as a shield against the enforcement of the alleged oral agreement. The fact that appellant's husband may have chosen to forego any Statute of Frauds defense he may have raised, had plaintiff attempted to hold him liable for the debt under the alleged "new" agreement, does not address the propriety of plaintiff's assertion of the Statute.

Moreover, it was not incumbent upon plaintiff to affirmatively raise the Statute of Frauds in her pleadings, since her use of the Statute was only pertinent in response to defendant's answer. It is not incumbent upon the plaintiff to reply to an answer (see Code Ann. § 81A-107 (a)) or to anticipate in her complaint defenses that a defendant might raise. Appellant's contentions notwithstanding, nowhere else in the record can we find that plaintiff waived her Statute of Frauds defense. Appellant's argument that plaintiff is precluded from raising the Statute of Frauds must therefore fail.

Nor can we agree with appellant's contention that partial performance of the agreement removed the effects of the Statute. See *Tompkins v. Tompkins,* 88 Ga. App. 563 (76 SE2d 819).

In conjunction with the above, we note other facts which support the grant of plaintiff's motion for summary judgment on this issue. The appellant herself testified on deposition that she and her husband were to repay the principal of the loan from its inception. That testimony contradicts appellant's assertion that her husband's assumption of liability on the debt was a "new" agreement.

Nor is there anything other than appellant's claim to indicate that the $200 payment that appellant's husband agreed to make was, in part, the repayment of principal. Indeed, the evidence submitted by both parties shows that the appellant and her husband were unwilling to make any payments on the loan other than the stated $200 monthly payment — the same sum as the interest payment appellant had agreed to but failed to pay prior to the alleged "new" agreement.

There is a dearth of evidence that plaintiff agreed to accept her son-in-law's liability on the loan as a novation or an accord and

satisfaction of the prior agreement. Upon the refusal of appellant and her husband to make any other terms of payment, plaintiff brought the instant action, and, as detailed above, we find that the trial court properly granted summary judgment in favor of the plaintiff on her suit to collect the money owed.

2. We also find that the trial court properly granted plaintiff's motion for summary judgment on appellant's counterclaim.

Plaintiff deposited monies into joint accounts with appellant, and when plaintiff withdrew those monies from the accounts, appellant brought the instant counterclaim to recover a portion of the funds. Both parties agree that since the accounts were established in the State of New York, the law of New York controls on the issue of whether the joint accounts represented irrevocable gifts to the defendants.

It is our holding, in accordance with plaintiff's contentions, that plaintiff is not accountable to her daughter for the withdrawal of the funds held in the joint accounts. Plaintiff unequivocally testified that her intent in creating the joint accounts was to avoid probate, for testamentary purposes — that she did not intend to make a gift of any interest in the accounts.

The evidence showed that all the monies in the accounts were deposited by plaintiff; that appellant never deposited any monies of her own to either of these accounts nor did she ever make any withdrawals therefrom; and that plaintiff at all times maintained possession of the passbooks.

"[New York] Banking Law, Sec. 675 (a) provides that upon the opening of a joint account in proper form, the deposit 'shall become the property of such persons as joint tenants' and a statutory presumption of joint tenancy with sole title of survivorship is created (subd. (b)).

"However, the statutory presumption is not conclusive as to ownership . . . and when the deposit is made in joint form for convenience only and not for the purpose of making a gift to the other party, the party making the deposit may recover. [Cits.] The statutory presumption of joint ownership is a rebuttable one and where the joint account was created as a matter of convenience with no intention of conferring a beneficial interest upon the co-depositor the presumption is rebutted . . .

"On her case the daughter [appellant] controverted none of the essential facts, apparently being satisfied to stand on the statutory presumption. Unfortunately for her the presumption could not withstand scrutiny." Herwick v. Stiehl, 328 NYS2d 285, 287 (68 Misc.2d 850). See also Filippi v. Filippi, 384 NYS2d 1010, 1011.

The trial court properly found for the plaintiff on appellant's

counterclaim.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

DECIDED MAY 29, 1981 —
REHEARING DENIED JUNE 18, 1981 —

*Sidney J. Nurkin, James C. Rawls,* for appellant.
*Randy C. Gepp,* for appellee.