Francis Scanlan and Another, as Executors, etc., of Patrick B.
   Lane, Deceased, Appellants, v. Edward Meehan, Respondent.

Fourth Department, May 5, 1926.

Banks and banking — money was deposited in joint account, either or
   survivor to draw — deposit was made for convenience of owner — other
   party withdrew money — action was commenced before owner's death
   — as between parties presumption, if any, arising under Banking Law,
   § 249, is not conclusive as to ownership — death of owner and substitu-
   tion of representatives did not change cause of action.

In an action commenced by plaintiffs' testator to recover from the defendant
   money deposited in a bank in the joint names of the plaintiffs' testator and the
   defendant, either or survivor to draw, which money was subsequently with-
   drawn by the defendant, the evidence shows that the deposit was made by
   plaintiffs' testator in that particular form for convenience only and not for the
   purpose of making a gift to the defendant, and any presumption that may
   arise under section 249 of the Banking Law as between the parties themselves
   by reason of the form of the deposit is not conclusive as to the ownership of the
   fund.

The substitution of the executors of the testator after his death did not change
   the cause of action and, therefore, it was error for the court to dismiss the
   complaint.

Appeal by the plaintiffs, Francis Scanlan and another, from
an order of the Supreme Court, made at the Onondaga Trial Term
and entered in the office of the clerk of the county of Onondaga
on the 6th day of May, 1925, granting defendant's motion to
dismiss the complaint on the opening of counsel, and also from
a judgment entered in said clerk's office on the same day pursuant
to said order.

W. J. & W. E. McClusky [W. E. McClusky of counsel], for the
appellants.

Charles V. Byrne, for the respondent.

Per Curiam. The appeal is from an order dismissing the com-
plaint for insufficiency upon a motion made at the trial, and from
the judgment entered thereon. The complaint in substance
alleges that Patrick B. Lane deposited $5,000 of his own money
in the Syracuse Savings Bank in the joint name of himself and
defendant, either or survivor to draw; that the deposit was made
in that form, not as a gift but for convenience only; that defendant
fraudulently and without Lane's knowledge and consent drew the
money out of the bank, appropriated it to his own use and refused
to return it. The action was brought by Lane as plaintiff in his life-
time. After his death the present plaintiffs were duly substituted.

The decision seems to have rested on section 249 of the Banking Law. We are of the opinion that as between the parties themselves, the presumption, if any, arising from the making of the deposit in the form mentioned is not conclusive as to the ownership of the fund; and that the death of Lane after the commencement of the action in no wise changed the cause of action. There seems to be no direct authority on the question, but see dicta in *Havens* v. *Havens* (126 Misc. 155, 170; affd., 215 App. Div. 756) and in *Heiner* v. *Greenwich Savings Bank* (118 Misc. 326, 328).

The judgment and order should be reversed on the law and a new trial granted, with costs to the appellants to abide the event.

All concur. Present — HUBBS, P. J., CLARK, SEARS, CROUCH and TAYLOR, JJ.

Judgment and order reversed on the law, and new trial granted, with costs to appellants to abide event.