Tony Caruso, Plaintiff, *v.* Dry Dock Savings Institution, Defendant.

Supreme Court, Special Term, Bronx County, January 12, 1939.

*Arthur Weiss,* for the plaintiff.

*Clifford L. Tichenor,* for the defendant.

McLaughlin, J. Two motions are before the court; one is made by the plaintiff for summary judgment, and the other, which is a cross-motion, is made by the defendant for similar relief. The action is one brought by the plaintiff to recover the amount of a savings bank account. The account was a joint account standing in the names of Tony Caruso, the plaintiff, or Mary Caruso, his daughter, or survivor. It seems that the plaintiff and his daughter quarrelled, and that when she left him she took the bank book with her. While apparently she is still in the city of New York,

nevertheless, she is in hiding so far as these parties are concerned, since neither one has been able to locate her. Plaintiff produces facts which he claims show that he was and still is the sole owner of the moneys in the account. He claims that under section 239 of the Banking Law he is entitled to this money.

It seems to be settled that two things are requisite before a bank may safely pay out moneys deposited in a joint account pursuant to section 239, subdivision 3, of the Banking Law (formerly Banking Law, § 249, subd. 3), the first of these requirements being the production of the pass book and the second the absence of a notice of a hostile claim on the part of one of the depositors. Both of these facts are essential. (*Grafing* v. *Irving Savings Institute*, 69 App. Div. 566.) It is the plaintiff's contention that if either one of these requirements exists the bank may pay with safety. That is not the law. Moreover, in this case the very papers submitted by the plaintiff show that his daughter has no intention of either relinquishing the bank book itself or her claim to the moneys on deposit. The letter sent by her to the plaintiff establishes this beyond any doubt.

The court does not think that under the circumstances of this case the defendant could safely pay this money to the plaintiff. However, the *res* is subject to action by the court. The plaintiff can serve his daughter by publication so that a proper judgment may be entered cutting off her rights, if it appears that his story is true. Motion for summary judgment is denied, and the cross-motion is likewise denied.