George A. Arkwright, J.
This action is brought by Jules Laurent, the plaintiff, against the defendants Williamsburgh Savings Bank and Mary F. Smith, also known as Mary S. Bettke *141 demanding a money judgment against them for $7,030, and interest thereon from January 29, 1954. The first three causes of action are against the bank and are framed respectively in negligence, conversion and money had and received. The fourth cause of action is against said Mary F. Smith and is founded upon conversion.
Jules Laurent, the plaintiff in this action, is presently 87 years of age. He is a widower, lives alone, and has so lived for some time at the premises No. 1110 Hancock Street, Brooklyn, New York. He has lived in this house for the past 50 years. Prior to his wife’s death in the early part of 1951, he had a joint savings account with her (Lena Laurent) in the said Williams-burgh Savings Bank, Broadway, Brooklyn, New York, until August 23,1951. Thereafter, the account was changed to a joint account in the name of plaintiff and his brother, J. Eugene Laurent. The latter died three or four weeks following the death of plaintiff’s said wife. On June 2G, 1953 the account was changed so as to be in the name of the plaintiff and the defendant Mary F. Smith, jointly, the amount on deposit at that time being $6,939.32. Mary F. Smith, also known as Mary F. Bettke, is married to one Harold Bettke. Mrs. Bettke is the daughter, by a former marriage, of the wife of the plaintiff’s deceased brother, J. Eugene Laurent.
The moneys deposited in the account wore those of the plaintiff. Said Mary F. Smith Bettke never deposited any money of her own in the account.
The testimony in the case is undisputed that the plaintiff made Mrs. Bettke a joint tenant of the bank account so that if he became sick or disabled, she could draw money out of the account for the necessary purposes of the plaintiff. He made her no gift of the account, or any part thereof, nor did he intend to do so.
Mr. and Mrs. Bettke came to plaintiff’s house on Hancock Street. The former took the bankbook, which had previously been in the possession of the plaintiff at all times, from plaintiff’s desk and “ran through the front room” and away with the book. The plaintiff was unable to recover it.
Subsequently, plaintiff contacted a nephew, one Joseph Guerringue, who went with the plaintiff to the Williamsburgh Savings Bank, where they informed (on January 29, 1954, at 11:40 a.m.) one Stumpf, apparently a proper employee of the bank, that the book had been taken without plaintiff’s authority. The plaintiff was informed by Stumpf that the account was still open and that it amounted to about $7,000. Laurent stated he wished to stop payment on the account. He signed a caveat to that effect. Plaintiff was then told that payment was stopped *142 and that he should come back in 10 days. He was also informed that a letter would be sent to Mary F. Smith (or Bettke) that payment on the account had been stopped. It appears that thereafter, in spite of the above, the full balance on hand in the account, with interest, was turned over to Mrs. Bettke by the bank, without the knowledge or consent of the plaintiff.
On February 10, 1954 Guerringue and Laurent again went to the bank, at which time plaintiff learned for the first time that the account had been paid over to the defendant Bettke after payment had been stopped as above stated. Stumpf was asked how such a thing could happen. He informed the plaintiff that under a new banking system recently installed in the bank such a thing could happen.
No evidence was introduced by the defendants.
The transfer of funds from the plaintiff’s name to a joint account between Mary F. Smith Bettke and himself with the right of survivorship, under the circumstances here, does not constitute a gift to the defendant Bettke (Moskowitz v. Marrow, 251 N. Y. 380, 401 ; Matter of McCarthy, 164 Misc. 719, 724, affd. 254 App. Div. 827 ; Matter of Juedel, 280 N. Y. 37).
The presumption arising under subdivision 3 of section 239 of the Banking Law that the establishment of the account vested immediate title in the joint tenants has been overcome by the proof submitted. (Moskowitz v. Marrow, supra ; Matter of Holtz, 82 N. Y. S. 2d 362 ; Matter of Porianda, 256 N. Y. 423 ; Scanlan v. Meehan, 216 App. Div. 591.)
The defendant bank, after unquestioned notice not to pay out the account, nevertheless did so in spite of the notice. As was pointed out in the Moskowitz case (supra) in the concurring opinion of Cardozo, Chief Judge (251 N. Y. 380, 399), the bank could only be protected in the absence of written notice (see Caruso v. Dry Dock Sav. Inst., 170 Misc. 867).
The legal relationship of the plaintiff, as a depositor of the defendant bank, to that institution is that of creditor and debtor.
The plaintiff has framed his third cause of action in money had and received (Shattuck v. Guardian Trust Co. of N. Y., 204 N. Y. 200) but has failed to allege therein that he is entitled to the account money (3 Carmody, New York Practice, § 947), although his proof conclusively shows he is entitled to the same. The pleading was not attacked in this respect either before or at the time of trial. No motion, either, was made by the plaintiff to conform the pleading to the proof. Section 434 of the Civil Practice Act, fortunately for the plaintiff, provides that a variance between an allegation in a pleading and the proof is not material, unless it has actually misled the adverse party to his *143 prejudice in maintaining the action upon the merits. The defendant bank has not been so misled. The court pursuant to said section therefore orders an immediate amendment of the pleading, without costs, so as in effect to so conform the said pleading with the proof.
In Noah v. Bowery Sav. Bank (225 N. Y. 284) plaintiff’s son stole her bankbook and by forged orders drew out her account. The plaintiff did not sanction the withdrawal and never received any of the money. The defendant refused to pay the money to the plaintiff. Crane. J. said: “ The rule is well established that the bank cannot rely in making payment solely upon the possession and presentation of the bank book * * * but must exercise ordinary care and diligence to ascertain that the person receiving the money is entitled to it. (Kelley v. Buffalo Savings Bank, 180 N. Y. 171) ” (p. 288).
(See, also, Allen v. Williamsburgh Sav. Bank, 69 N. Y. 314 ; Kummel v. Germania Sav. Bank, Kings County, 127 N. Y. 488.)
In the instant case, although the passbook was presented by the other of the named joint depositors, the bank had been put on notice of plaintiff’s claim and should not have paid the moneys to that defendant (see Gearns v. Bowery Sav. Bank, 135 N. Y. 557).
The plaintiff is entitled to judgment against the bank on the third cause of action. It therefore becomes unnecessary to consider the first and second causes of action, and they are dismissed, without costs. Defendant bank’s motions made at the conclusion of the plaintiff’s case and at the end of the entire case, in reference to the third cause of action are, of course, denied.
The fourth cause of action is in conversion as against the codefendant Mary F. Smith, also known as Mary S. Bettlce.
It has been found on the proof of the plaintiff that he at all times was" entitled to the bank funds on deposit in his and her joint names, he having opened and maintained the account solely for the purpose of his convenience. It is undisputed that Mary F. Smith withdrew the moneys from the said account. She did so without plaintiff’s knowledge, consent, acquiescence, or approval. Demand has been made of her by the plaintiff to pay over to him the funds so withdrawn, but she has failed and refused to do so. Plaintiff claims she wrongfully and unlawfully retains both the passbook and the funds and has converted them to her own use.
It was stated in Hutchings v. Torrey (203 Misc. 1038, 1040) " It has been held that ‘ conversion is an unauthorized assumption and exercise of the right of ownership over goods or per *144 sonal chattels belonging to another, to the alteration of their condition or the exclusion of the owner’s rights.’ (See Melnick v. Kukla, 228 App. Div. 321, 323.) ” And again, at page 1040: “ 'It is elementary that to maintain an action for conversion the plaintiff must show a legal ownership to the particular thing alleged to have been converted. The action cannot be predicated upon an equitable interest or a mere breach of contract obligation.’ (Hinkle Iron Co. v. Kohn, 184 App. Div. 181, 184.) ”
“ Conversion has reference to specific articles of property which are owned by the plaintiff or to which he has the right of immediate possession.” (Rothchild v. Schwarz, 28 Misc. 521, 523.)
The relation between the plaintiff and defendant bank, as above stated, was that of creditor and debtor.
Conversion will not lie as a cause of action in the situation here presented. No object or tangible personalty was involved. No specific money was involved. No special account was involved.
An action lies against the bank for nonpayment of its indebtedness to the plaintiff. That obligation is not discharged by the bank’s payment of the account to the wrong party. The bank, in turn, may have a cause of action against the other codefendant, but it has not asserted it here.
The plaintiff in a proper action could have satisfied the payment and recovered from the defendant Mary F. Smith (Fowler v. Bowery Sav. Bank, 113 N. Y. 450 ; Dechen v. Dechen, 59 App. Div. 166) but that question is not before this court.
The plaintiff has chosen the wrong remedy.
' The motion to dismiss the complaint as against the defendant Bettke is granted.