■ ARTIE SHAW et al., Respondents-Appellants, v DAVID MERRICK et al., Appellants-Respondents.—Judgment, Supreme Court, New York County, entered July 20, 1977, rendered on jury verdict in favor of plaintiffs for $118,200 as compensatory damages on the first cause of action, together with interest and costs, and dismissing the second cause of action and plaintiffs' claim for punitive damages, is unanimously modified, on the law, so as to reverse so much of the judgment as is for the plaintiffs, and the complaint is dismissed, and the judgment is otherwise affirmed, without costs and without disbursements. Plaintiffs' assignor corporation (hereinafter collectively "plaintiffs") entered into a dramatization rights agreement with Mrs. Frances Scott Fitzgerald Smith, the daughter of the novelist F. Scott Fitzgerald and owner of the literary property in the novel "The Great Gatsby." Under this contract, plaintiffs were granted the right, on certain conditions and within certain time limitations, to produce a dramatization of the novel, and if they did, they were granted motion picture rights with respect to that dramatization. In December, 1970, Mrs. Smith declared the contract at an end, allegedly due to plaintiffs' failure to perform in accordance with the contract. Thereafter an agreement was made by Mrs. Smith with defendant Paramount Pictures Corporation for the production of a motion picture version of the novel, with defendant David Merrick as producer of the motion picture. In the present action, plaintiffs sue Paramount, Merrick and Mrs. Smith's literary agents defendants Harold Ober Associates, Inc., and Peter Shepherd (but not Mrs. Smith) for inducing breach of contract and for appropriation of plaintiffs' property rights in "The Great Gatsby." In our view, the action simply is one for inducing breach of contract. Plaintiffs have recovered a verdict for compensatory damages essentially equal to their out-of-pocket expenses against all the defendants. The judgment for plaintiffs cannot stand because as a matter of law plaintiffs have failed to establish liability for inducing breach of contract. As to defendants Harold Ober Associates, Inc., and Peter Shepherd, they were Mrs. Smith's agents and advisers. As such, they cannot be held liable for inducing in the course of their agency and advice the breach of contract, if there be one, by their principal *(Greyhound Corp. v Commercial Cas. Ins. Co.,* 259 App Div 317; *Finkelstein v Kesalp Realty Corp.,* 279 App Div 939, Restatement, Torts, § 772). With respect to defendants Paramount and Merrick, there is no evidence they induced a breach of contract by Mrs. Smith (if there was a breach). All that appears, before December, 1970, is that Paramount expressed an interest in the motion picture rights; defendant Merrick inquired of Mrs. Smith's literary agent whether the motion picture rights were available; he was told that because of the contract with plaintiffs, they were not then available and stated that Paramount would be interested if the motion picture rights became available. The other circumstances relied upon by plaintiffs are of the most equivocal character being just as consistent with defendants' version as with plaintiffs', and, thus, cannot support a recovery. (See *Ingersoll v Liberty Bank of Buffalo,* 278 NY 1, 7.) They hardly give rise to even a tenuous suspicion. That is not sufficient to warrant submission of the issue to a jury. As the whole guilty connection of defendants Paramount and Merrick rests on these equivocal circumstances, it may well be that the rule as to circumstantial evidence applies; an essential element of that rule is that "every other reasonable

hypothesis must be excluded." *(Boyce Motor Lines v State of New York,* 280 App Div 693, 696, affd 306 NY 801.) The circumstantial evidence here relied upon certainly does not exclude a reasonable hypothesis that these defendants did not intentionally and deliberately, or at all, induce Mrs. Smith's actions in terminating the contract. As plaintiffs' claims against defendants for punitive damages and a share of the profits for the motion picture rest on the same alleged wrongful conduct as to which we have found the evidence insufficient, those claims require no further discussion. We have not passed on the questions of fact. Concur—Kupferman, J. P., Lupiano, Silverman and Evans, JJ.