■ OCEANIC OYSTER CORPORATION et al., Appellants, v VILLAGE OF GREEN-PORT et al., Respondents. — Judgment of the Supreme Court, Suffolk County, entered September 18, 1981, affirmed, without costs or disbursements, for reasons stated in the opinion of Justice McCarthy at Special Term. Damiani, J. P., Lazer, Gulotta and O'Connor, JJ., concur.

■ ZENEK PODOLSKY, Doing Business as CORONET PLAZA ASSOCIATES, Respondent-Appellant, v EQUIFAX, INC., et al., Appellants-Respondents. — In an action, *inter alia,* to compel the conveyance to plaintiff of a parcel of real property, defendants separately appeal from so much of an order of the Supreme Court, Kings County (Adler, J.), dated February 8, 1982, as denied their respective motions for summary judgment dismissing the complaint, and plaintiff cross-appeals from so much of the same order as denied its cross motion for summary judgment directing the conveyance to him of the subject premises. Order modified, on the law, by deleting the provision denying defendants' motions and substituting therefor a provision granting defendants' motions and dismissing the complaint. As so modified, order affirmed, without costs or disbursements. Plaintiff's first and second causes of action are barred by the Statute of Frauds. The correspondence relied upon by plaintiff as constituting a contract for the sale of real property was not "subscribed by the party to be charged [Equifax], or by [its] lawful agent [Baker-Merin] thereunto authorized by writing" (see General Obligations Law, § 5-703, subd 2). Furthermore, this correspondence clearly indicated that acceptance of plaintiff's offer to purchase the real property was nonfinal and subject to the seller's ultimate approval. With regard to the third cause of action, plaintiff has not shown by sufficient evidentiary facts that he relied to his detriment upon any mispresentations by Baker-Merin. Finally, it should be noted that even if there were an enforceable contract of sale, Baker-Merin, as an agent for a disclosed principal, would not be liable thereon, as alleged in the second cause of action. (See *American Broadcasting-Paramount Theatres v American Mfrs. Mut. Ins. Co.,* 42 Misc 2d 939, 944, affd 20 AD2d 890.) Titone, J. P., Lazer, Mangano and Gibbons, JJ., concur.