■ JOHN SPAIN, Respondent, v HOWARD HOLMES, INC., et al., Defendants, and WORLD-WIDE VOLKSWAGEN CORP., Appellant. — In an action, *inter alia,* to recover damages for breach of warranty, defendant World-Wide Volkswagen Corp. appeals from (1) so much of an order of the Supreme Court, Westchester County (Marbach, J.), entered December 16, 1983, as denied those branches of a motion which sought summary judgment dismissing the complaint as to World-Wide Volkswagen Corp. and for summary judgment in favor of World-Wide Volkswagen Corp. on its counterclaim, and (2) so much of an order of the same court, entered March 22, 1984, as, upon reargument, adhered to its original determination.

Appeal from the order entered December 16, 1983 dismissed, without costs or disbursements. That order was superseded by the order entered March 22, 1984, made upon reargument.

Order entered March 22, 1984, modified, on the law, by vacating so much of the order entered December 16, 1983 as denied that branch of appellant's motion as sought summary judgment dismissing the complaint as to it, that branch of the motion granted, and complaint dismissed as against it. As so modified, order entered March 22, 1984 affirmed, insofar as appealed from, without costs or disbursements.

Plaintiff purchased a Porsche 924 Turbo automobile from defendant Howard Holmes, Inc. (hereinafter Holmes). After delivery of the vehicle plaintiff experienced numerous problems with it, most notable of which was that the hood separated from the vehicle while it was in operation. The automobile was covered by a limited express warranty given by defendant Volkswagen of America, Inc. (hereinafter VWoA) which was made in lieu of all other warranties, express or implied. When plaintiff complained about the car to Holmes, Holmes informed him that the proper parties to contact were VWoA and defendant World-Wide Volkswagen Corp. (hereinafter World-Wide), which was the supposed distributor of the vehicle. World-Wide sent a representative to inspect plaintiff's vehicle and discuss his problems with him. The representative made a report recommending that plaintiff's claim for a refund be rejected. Plaintiff's requests to VWoA to buy back his vehicle were forwarded to World-Wide, which informed plaintiff that his claim under the warranty was being denied. Plaintiff then instituted the

instant action naming Holmes, VWoA, World-Wide and Dr. Ing. h.c.F. Porsche A.G., the manufacturer, as defendants. Issue was joined by World-Wide by service of an answer which denied the material allegations of the complaint and claimed affirmative defenses. The answer included a counterclaim stating that plaintiff trespassed and created a nuisance by abandoning his vehicle on its premises and refusing to remove it.

Upon discovery it was found that Holmes had purchased plaintiff's automobile from a Pennsylvania dealer and not from World-Wide. World-Wide had nothing to do with the sale or distribution of the vehicle. World-Wide then moved, *inter alia,* for summary judgment dismissing the complaint as against it, claiming that since it had nothing to do with the sale or distribution of the vehicle it could not be found liable on the contract of sale or any warranties given. Its motion also asked for summary judgment on its counterclaim. Plaintiff opposed the motion stating that World-Wide's actions subsequent to the sale and its involvement in denying his claim on the warranty made it liable as an agent for VWoA, notwithstanding its lack of participation in the actual sale of the vehicle. He also opposed that branch of the motion which was for summary judgment on the counterclaim, stating that he properly returned the vehicle to the Holmes' premises and it was Holmes that transferred the vehicle to World-Wide.

Special Term, *inter alia,* denied both branches of the motion which sought summary judgment. In denying that branch of World-Wide's motion as sought dismissal of the complaint, Special Term stated that while it was established that World-Wide did not sell or distribute the vehicle, plaintiff raised an issue of fact as to whether World-Wide acted as an agent.

The order should be modified so as to grant that branch of World-Wide's motion which sought summary judgment dismissing the complaint. World-Wide did not sell or distribute the vehicle and thus could not be liable for any activity involving the contract of sale, the warranties on the vehicle or any false representations made during the sale. While there is an issue of fact involving World-Wide's actions as an agent for VWoA, this issue is irrelevant in determining World-Wide's liability.

When the facts are viewed in a light most favorable to plaintiff, World-Wide was acting as an agent for VWoA when it inspected plaintiff's vehicle and denied his claim on the warranty, notwithstanding a distributor agreement which forbids such an agency relationship. It is well settled that when an agent acts on behalf of a disclosed principal on a contract, the agent will not be personally bound unless there is clear and

explicit evidence of the agent's intention to be so bound (*Savoy Record Co. v Cardinal Export Corp.*, 15 NY2d 1; *Mencher v Weiss*, 306 NY 1; *Hall v Lauderdale*, 46 NY 70; *City Univ. v Finalco, Inc.*, 93 AD2d 792; *Podolsky v Equifax, Inc.*, 89 AD2d 585). This is so even if the agent, in the course of his agency, induces the principal to breach the contract (*Shaw v Merrick*, 60 AD2d 830).

In the case at bar, if World-Wide was acting as an agent, then VWoA was its disclosed principal. There was no clear or explicit evidence that World-Wide accepted liability on the contract or the warranties. The most that could be shown was that, acting as an agent for VWoA, World-Wide induced VWoA to breach its warranty. Thus, even if World-Wide was acting as an agent, for the reasons stated above, it could not be held individually liable and summary judgment dismissing the complaint as against it should have been granted.

However, Special Term was correct in denying World-Wide summary judgment on its counterclaim. There is clearly a question of fact as to whether plaintiff properly returned the vehicle to Holmes or abandoned the vehicle on World-Wide's premises. To this extent the order should be affirmed. Thompson, J. P., Brown, Niehoff and Lawrence, JJ., concur.