■ CAROLYN MASTROPIERI, Respondent, v SOLMAR CONSTRUCTION CO., INC., Defendant, and SAUL ROSENCRANTZ, Appellant.—In an action to recover damages for breach of contract, fraud and negligence, the defendant Saul Rosencrantz appeals from an order of the Supreme Court, Nassau County (Roncallo, J.), dated June 7, 1988, which denied his motion for summary judgment dismissing the complaint insofar as it is asserted against him.

Ordered that the order is reversed, on the law, with costs, and the motion is granted, the complaint is dismissed insofar as it is asserted against Saul Rosencrantz, and the action against the remaining defendant is severed.

On February 20, 1981, the plaintiff and her husband entered into a contract with the defendant Solmar Construction Co., Inc. for the sale of a parcel of land in Nassau County on which a one-family home was to be constructed by the corporate defendant. The contract was executed in the name of the corporate defendant by its agent—the defendant Saul Rosencrantz. Paragraph 1 of the contract required the corporate defendant to construct the premises in accordance with the drawings and specifications annexed to the agreement. The purchasers agreed in paragraph 8 to tender full payment upon the delivery of the deed and the certificate of occupancy. Paragraph 18 of the contract further provided that: "the acceptance and delivery of the deed of conveyance at the time of the closing of title hereunder, without specific written agreement which by its terms shall survive such closing of title, shall be deemed and constitute full compliance by the Contractor with the terms, covenants and conditions of this Agreement on its [part] to be performed." On October 31, 1981, title closed.

Subsequently, the plaintiff commenced this action against Saul Rosencrantz and the corporate defendant to recover for

water damage to the basement of the residence allegedly caused by the defendants' failure to construct the foundation wall of a stone turret in accordance with the architect's plans. It is undisputed that Rosencrantz was served with the summons and complaint on January 9, 1988. After issue was joined, Rosencrantz moved for summary judgment dismissing the complaint insofar as it is asserted against him, but that motion was denied. Upon a review of the record, we find the Supreme Court erred in denying the motion.

The documentary evidence in Rosencrantz's papers established that he was not a party to the contract. It is well settled that when an agent acts on behalf of a disclosed principal, the agent will not be personally liable for a breach of the contract, unless there is clear and explicit evidence of the agent's intention to be bound (see, Savoy Record Co. v Cardinal Export Corp., 15 NY2d 1; Spain v Howard Holmes, Inc., 108 AD2d 741; Shaw v Merrick, 60 AD2d 830). No such evidence was proffered by the plaintiff in opposition to the motion. Nor are there any evidentiary facts in the record to raise a triable issue regarding the plaintiff's belated contention that the corporate entity should be disregarded on the ground Rosencrantz had complete control over Solmar Construction Co., Inc. and used his control to commit the alleged breach of contract (see, Dember Constr. Corp. v Staten Is. Mall, 56 AD2d 768). Consequently, the first cause of action to recover damages for breach of contract and the fourth cause of action to set aside a limited warranty in the contract against seepage and leakage in the basement, should have been dismissed as against the individual defendant.

Moreover, in construction contract cases, the completion of construction is the accrual date for an owner's claims against a general contractor arising from defective construction (see, State of New York v Lundin, 60 NY2d 987; Phillips Constr. Co. v City of New York, 61 NY2d 949). The only reasonable inference to be drawn from paragraphs 8 and 18 of the contract and the plaintiff's acceptance of the deed without reservation is that construction was complete at the time of the closing (see, e.g., Yeshiva Univ. v Fidelity & Deposit Co., 116 AD2d 49, 53-54). No allegation to the contrary was made in the plaintiff's affidavit in opposition to the summary judgment motion or by one with personal knowledge of the facts. Since Rosencrantz was served with process more than six years after the closing, the plaintiff's claims, whether grounded in breach of contract (first cause of action) or in negligence (the third cause of action), are barred by the

applicable Statute of Limitations *(see, State of New York v Lundin, supra).*

Although an agent for a disclosed principal may be held liable to a third party where the agent has committed fraud *(see, Singer v Whitman & Ransom,* 83 AD2d 862), the second cause of action in the complaint, alleging fraud, is legally insufficient and should have been dismissed. It is well settled that a cause of action to recover damages for fraud will not arise when the only fraud charged relates to a breach of contract *(see, Roldan v Allstate Ins. Co.,* 149 AD2d 20, 39; *Edwil Indus. v Stroba Instruments Corp.,* 131 AD2d 424; *Trusthouse Forte [Garden City] Mgt. v Garden City Hotel,* 106 AD2d 271). After comparing the allegations in the second cause of action of the complaint sounding in fraud with the allegations in the first cause of action sounding in breach of contract, we find that, in substance, both claims are based upon the same allegations. Nor do the supplementary allegations in the plaintiff's opposition papers assert the breach of a duty extraneous to or distinct from the contract between the parties *(see, Edwil Indus. v Stroba Instruments Corp., supra).* Here the assertion of a separate cause of action sounding in fraud is apparently an attempt to extend the Statute of Limitations *(see, e.g., Brick v Cohn-Hall-Marx Co.,* 276 NY 259). However, since the plaintiff has failed to state a cause of action sounding in fraud, the complaint insofar as it is asserted against Rosencrantz is dismissed in its entirety. Thompson, J. P., Brown, Rubin and Eiber, JJ., concur.