■ YENRAB, INC., Doing Business as PARTY FEVER, Respondent, v 794 LINDEN REALTY, LLC, et al., Appellants. [892 NYS2d 105]—

On May 17, 2006 the plaintiff, a party supply company, entered into a lease to rent certain commercial premises from the defendant 794 Linden Realty, LLC (hereinafter Linden). The defendant Elizabeth Briguglio was a member and agent of Linden. The plaintiff alleged that, prior to the execution of the lease, Briguglio made numerous misrepresentations that certain repairs would be performed in the premises, including repairs of water leaks through the common walls, ceiling, roof, and in the basement, which induced the plaintiff to sign the lease. These repairs were never performed. The plaintiff further alleged that, during the course of its tenancy, the defendants repeatedly promised to make repairs in the premises, including repairs of water leaks, and repeatedly failed to perform those repairs.

On or about December 4, 2007 the plaintiff commenced this action. The first, fourth, and fifth causes of action sought to recover damages against both defendants for fraud, fraudulent inducement and gross negligence, and negligence, respectively. The second and third causes of action sought to recover damages only against Linden for breach of contract, and unjust enrichment, respectively. The plaintiff demanded $1,000,000 in damages, which included $194,059.31 in property damages, and $805,940.69 in noncompensatory damages for lost profits and business losses.

Contrary to the defendants' contention, the Supreme Court properly denied that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (1) to dismiss the second cause of action to recover damages against Linden only for breach of contract. " 'To succeed on a motion to dismiss pursuant to CPLR 3211 (a) (1), the documentary evidence that forms the basis of the defense must be such that it resolves all factual issues as a matter of law, and conclusively disposes of the

plaintiff's claim' " (*Trade Source v Westchester Wood Works,* 290 AD2d 437, 438 [2002], quoting *Teitler v Pollack & Sons,* 288 AD2d 302 [2001]). Here, the documentary evidence put forth, including the lease between the parties, did not conclusively dispose of the plaintiff's breach of contract claims against Linden. Specifically, the lease at paragraph 82 required Linden to repair water leakages due to common broken pipes, and paragraph 49 (g) required it to perform all structural repairs, defined as repairs to the roof, exterior walls, and foundation. In the complaint, the plaintiff alleged that water leaked from holes in the ceiling as well as through the walls from the adjacent premises, and pipes in the basement. Further, there is no merit to the defendants' contention that the provisions in the lease which stated that the plaintiff took the premises "as is" conclusively disposed of its claims, because the plaintiff's complaint alleged that Linden failed to perform repairs for conditions that arose during the tenancy.

Moreover, the Supreme Court properly denied that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the second cause of action for breach of contract. " 'On a motion to dismiss pursuant to CPLR 3211, the pleading is to be afforded a liberal construction' " (*Arnav Indus., Inc. Retirement Trust v Brown, Raysman, Millstein, Felder & Steiner,* 96 NY2d 300, 303 [2001], quoting *Leon v Martinez,* 84 NY2d 83, 87 [1994]). Here, construing the complaint in the light most favorable to the plaintiff and accepting all allegations as true (*see Pacific Carlton Dev. Corp. v 752 Pac., LLC,* 62 AD3d 677, 679 [2009]; *Heffez v L & G Gen. Constr., Inc.,* 56 AD3d 526 [2008]), the complaint stated a cause of action alleging breach of contract against Linden.

"[A] cause of action premised upon fraud cannot lie where it is based on the same allegations as the breach of contract claim" (*Heffez v L & G Gen. Constr., Inc.,* 56 AD3d at 527). Where "a claim to recover damages for fraud is premised upon an alleged breach of contractual duties and the supporting allegations do not concern representations which are collateral or extraneous to the terms of the parties' agreement, a cause of action sounding in fraud does not lie" (*McKernin v Fanny Farmer Candy Shops,* 176 AD2d 233, 234 [1991]; *Krantz v Chateau Stores of Canada,* 256 AD2d 186, 187 [1998]). Moreover, "[a]lthough an agent for a disclosed principal may be held liable to a third party where the agent has committed fraud . . . a cause of action to recover damages for fraud will not arise when the only fraud charged relates to a breach of contract" (*Mastropieri v Solmar Constr. Co.,* 159 AD2d 698, 700 [1990]). Additionally, al-

though "a misrepresentation of material fact, which is collateral to the contract and serves as an inducement for the contract, is sufficient to sustain a cause of action alleging fraud" (*WIT Holding Corp. v Klein,* 282 AD2d 527, 528 [2001]), "a mere misrepresentation of an intention to perform under the contract is insufficient to allege fraud" (*id*). Here, the allegations upon which the causes of action sounding in fraud and fraudulent inducement are based are the same as those underlying the cause of action for breach of contract. Further, the allegations that Briguglio fraudulently represented that the defendants would make repairs to the premises amount to nothing more than allegations of a misrepresentation of an intention to perform under the contract (*see WIT Holding Corp. v Klein,* 282 AD2d at 528-529). Accordingly, the Supreme Court should have granted those branches of the defendants' motion which were pursuant to CPLR 3211 (a) (7) to dismiss the first cause of action sounding in fraud, and so much of the fourth cause of action as sounded in fraudulent misrepresentation (*see e.g. Heffez v L & G Gen. Constr., Inc.,* 56 AD3d at 527; *Mastropieri v Solmar Constr. Co.,* 159 AD2d at 700).

Further, the Supreme Court should also have granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss so much of the fourth cause of action as alleged gross negligence, as it was also premised on the same allegations as those underlying the breach of contract cause of action (*see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.,* 70 NY2d 382, 389-390 [1987]).

Additionally, the Supreme Court should also have granted that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the fifth cause of action alleging negligence, insofar as it was asserted against Briguglio (*see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.,* 70 NY2d at 389-390; *Heffez v L & G Gen. Constr., Inc.,* 56 AD3d 526 [2008]).

The Supreme Court also should have granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (1) to dismiss the third cause of action to recover damages against Linden only for unjust enrichment. "As a general rule, the existence of a valid and enforceable written contract governing a particular subject matter precludes recovery in quasi-contract on theories of quantum meruit and unjust enrichment for events arising out of the same subject matter" (*Marc Contr., Inc. v 39 Winfield Assoc., LLC,* 63 AD3d 693, 695 [2009]; *see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.,* 70 NY2d at 388; *Goldman v Metropolitan Life Ins. Co.,* 5 NY3d 561, 572 [2005]; *AHA Sales, Inc. v Creative Bath Prods., Inc.,* 58 AD3d 6, 19-20

[2008]; *R.I. Is. House, LLC v North Town Phase II Houses, Inc.,* 51 AD3d 890, 896 [2008]). Here, the existence of a valid and enforceable contract, the lease between the parties, precluded the plaintiff's claim alleging unjust enrichment.

In actions to recover damages for breach of contract, "the nonbreaching party may recover general damages which are the natural and probable consequence of the breach" (*Kenford Co. v County of Erie,* 73 NY2d 312, 319 [1989]; *see Atkins Nutritionals v Ernst & Young,* 301 AD2d 547 [2003]). In order to recover "special" or extraordinary damages that do not flow directly from the breach, a plaintiff is required to plead that the damages were foreseeable and within "the contemplation of the parties at the time the contract was made" (*American List Corp. v U.S. News & World Report,* 75 NY2d 38, 43 [1989]; *see Kenford Co. v County of Erie,* 73 NY2d at 319). A claim for lost profits is generally a claim for special or extraordinary damages (*see Lee Mfg. v Chemical Bank,* 186 AD2d 548, 551 [1992]). Here, the plaintiff claimed damages in an amount of $805,940.69 for "lost profits and income, the shuttering of its doors and cessation of business operations." However, it failed to plead that damages for business losses and cessation were within the contemplation of the parties at the time the contract was made (*see American List Corp. v U.S. News & World Report,* 75 NY2d at 43). Therefore, insofar as the plaintiff demanded noncompensatory damages in the amount of $805,940.69, the Supreme Court should have stricken that demand (*see Lee Mfg. v Chemical Bank,* 186 AD2d at 551-552). Mastro, J.P., Miller, Angiolillo and Austin, JJ., concur.