JENNIFER WEINSTEIN et al., Appellants, v NATALIE WEINSTEIN DESIGN ASSOCIATES, INC., et al., Respondents. [928 NYS2d 305]—

The plaintiffs commenced the instant action, inter alia, to recover damages for breach of a certain contract pursuant to which the defendant Natalie Weinstein Design Associates, Inc. (hereinafter Design Associates), agreed to provide the plaintiffs with certain interior design and decorating services at their home in exchange for their payment of a stated fee. The individual defendants are alleged to be owners and/or employees of the corporation.

The complaint contains 11 causes of action, some of which are asserted against only the defendant Natalie Weinstein (here-

inafter Natalie) and/or Design Associates and others of which are asserted against all of the defendants. Prior to answering the complaint, the defendants jointly moved to dismiss each cause of action in the complaint insofar as asserted against them based on documentary evidence and/or failure to state a cause of action, and for an award of costs and to impose sanctions against the plaintiff Lloyd Weinstein and his law firm, which represents the plaintiffs, based on the alleged frivolity of such claims.

In the order appealed from, the Supreme Court granted those branches of the defendants' motion which were to dismiss the second through eleventh causes of action in the complaint insofar as asserted against them, leaving only the first cause of action asserted against Design Associates to recover damages for breach of contract. The Supreme Court denied that branch of the defendants' motion which was for an award of costs and to impose sanctions. The plaintiffs appeal.

Contrary to the plaintiffs' contention, the Supreme Court properly granted that branch of the motion which was to dismiss the second cause of action asserted against Design Associates to recover damages for conversion, since the cause of action, as pleaded, is "predicated on a mere breach of contract" (*Wolf v National Council of Young Israel*, 264 AD2d 416, 417 [1999] [citations omitted]) and, in any event, the allegations in the complaint in general are insufficient to state a conversion claim (*see Independence Discount Corp. v Bressner*, 47 AD2d 756, 757 [1975]; *Laurent v Williamsburgh Sav. Bank*, 28 Misc 2d 140, 144 [1954]).

In addition, the Supreme Court properly granted those branches of the motion which were to dismiss the third and fourth causes of action asserted against all of the defendants to recover damages for fraud and fraudulent inducement, respectively. In particular, insofar as the fraud and fraudulent inducement causes of action are asserted against Design Associates, such claims are impermissibly "premised upon an alleged breach of contractual duties" (*Yenrab, Inc. v 794 Linden Realty, LLC*, 68 AD3d 755, 757 [2009]; *see Gibraltar Mgt. Co., Inc. v Grand Entrance Gates, Ltd.*, 46 AD3d 747, 749 [2007]; *Hawthorne Group v RRE Ventures*, 7 AD3d 320, 323 [2004]). Further, insofar as such claims are asserted against Natalie, while " 'an agent for a disclosed principal may be held liable to a third party where the agent has committed fraud' " (*Yenrab, Inc. v 794 Linden Realty, LLC*, 68 AD3d at 757, quoting *Mastropieri v Solmar Constr. Co.*, 159 AD2d 698, 700 [1990]), even under such circumstances " 'a cause of action to recover damages for fraud

will not arise when the only fraud charged relates to a breach of contract' " (*Yenrab, Inc. v 794 Linden Realty, Inc. LLC*, 68 AD3d at 757, quoting *Mastropieri v Solmar Constr. Co.*, 159 AD2d at 700), as is the case herein. Additionally, insofar as the fraud and fraudulent inducement causes of action are asserted against the other individual defendants, such causes of action, as pleaded, do not relate to any promises and representations made by those defendants, and, in any event, the allegations in the complaint in general are insufficient to state fraud and fraudulent inducement causes of action as against those defendants (*see Lama Holding Co. v Smith Barney*, 88 NY2d 413, 421 [1996]).

Further, the Supreme Court properly granted those branches of the motion which were to dismiss the eighth cause of action asserted against all of the defendants to recover damages for negligence. In particular, with respect to the individual defendants, the plaintiffs failed to allege that those defendants owed the plaintiffs any duty of care (*see generally Espinal v Melville Snow Contrs.*, 98 NY2d 136, 138 [2002]; *Lauer v City of New York*, 95 NY2d 95, 100 [2000]) and, with respect to Design Associates, the plaintiffs failed to allege "the violation of a legal duty independent of the [subject] contract" (*Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 390 [1987]).

Additionally, the Supreme Court properly granted that branch of the motion which was to dismiss the tenth cause of action asserted against Design Associates for rescission, as the plaintiffs failed to allege that "there is lacking complete and adequate remedy at law" (*Rudman v Cowles Communications*, 30 NY2d 1, 13 [1972]), and to the contrary "damages appear adequate" (*Rudman v Cowles Communications*, 30 NY2d at 13). Also, the Supreme Court properly granted that branch of the motion which was to dismiss the eleventh cause of action asserted against Design Associates for an accounting, since the plaintiffs failed to alleged "the existence of a confidential or fiduciary relationship and a breach of the duty imposed by that relationship respecting property in which the party seeking the accounting has an interest" (*Palazzo v Palazzo*, 121 AD2d 261, 265 [1986]).

The plaintiffs' fifth and sixth causes of action asserted against both Design Associates and the individual defendants seek to recover damages for deceptive business practices and statutory attorneys' fees, respectively, under General Business Law § 349, and the seventh cause of action asserted against Design Associates seeks to recover damages for false advertising. However, insofar as these causes of action are asserted against the individual defendants, the plaintiffs failed to allege any deceptive acts committed by those defendants broadly impacting consum-

ers at large (*see Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 NY2d 20, 25 [1995]; *see Teller v Bill Hayes, Ltd.*, 213 AD2d 141, 145 [1995]). Accordingly, the Supreme Court properly granted those branches of the motion which were to dismiss the deceptive business practices and statutory attorneys' fees claims insofar as asserted against the individual defendants. On the other hand, with respect to Design Associates, the plaintiffs alleged the type of misleading consumer-oriented conduct sufficient to state claims for deceptive business practices and false advertising under General Business Law §§ 349 and 350 (*see Gaidon v Guardian Life Ins. Co. of Am.*, 94 NY2d 330, 344 [1999]; *Karlin v IVF Am.*, 93 NY2d 282, 293 [1999]; *Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 NY2d at 26-27; *cf. Teller v Bill Hayes, Ltd.*, 213 AD2d at 148-149; *see generally Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 324 [2002]). As such, the deceptive business practices, attorneys' fees, and false advertising causes of action should not have been dismissed insofar as asserted against Design Associates.

The plaintiffs' ninth cause of action asserted against Natalie and Design Associates seeks to recover punitive damages. With respect to Natalie, this cause of action was properly dismissed in light of the dismissal of all causes of action asserted against her (*see Brualdi v IBERIA, Lineas Aereas de España, S.A.*, 79 AD3d 959, 961 [2010]). On the other hand, with respect to Design Associates, to the extent the plaintiffs' punitive damages claim stems from the allegations of deceptive trade practices and false advertising, "such conduct may be considered to be so flagrant as to transcend mere carelessness" (*Wilner v Allstate Ins. Co.*, 71 AD3d 155, 167 [2010] [internal quotation marks omitted]). As such, the punitive damages claim should not have been dismissed insofar as asserted against Design Associates.

Finally, the defendants' contention, in effect, that the Supreme Court erred in denying that branch of their motion which was for an award of costs and to impose sanctions is not properly before this Court, as they did not file a notice of appeal or cross appeal from the order (*see Regensdorfer v Orange Regional Med. Ctr.*, 21 AD3d 359, 360 [2005]). Skelos, J.P., Balkin, Leventhal and Lott, JJ., concur.