◼ Nicolo Genovese, Appellant, v State Farm Mutual Automobile Insurance Company et al., Respondents, et al., Defendants. [965 NYS2d 577]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Cohalan, J.), dated August 31, 2011, as granted the separate motions of the defendant State Farm Mutual Automobile Insurance Company, the defendants Hooper Evaluations, Inc., Hooper Holmes, Inc., 684 Associates, Ltd., doing business as D&D Associates, DDA Management Services, LLC, Brian Darmody, Anthony Minichini, and George Vadyak, the defendant Stephan Schector, the defendants Medical Management Group of New York, Inc., and William Polikoff, and the defendant Marlon Seliger to dismiss the complaint insofar as asserted against each of them pursuant to CPLR 3211 (a) (7).

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendant State Farm Mutual Automobile Insurance Company which was pursuant to CPLR 3211 (a) (7) to dismiss the first cause of action, which alleged breach of contract, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs payable by the plaintiff to the defendants Hooper Evaluations, Inc., Hooper Holmes, Inc., 684 Associates,

Ltd., doing business as D&D Associates, DDA Management Services, LLC, Brian Darmody, Anthony Minichini, and George Vadyak, the defendants Medical Management Group of New York, Inc., and William Polikoff, and the defendant Marlon Seliger, appearing separately and filing separate briefs.

A cause of action premised upon fraud cannot lie where it is based on the same allegations as a cause of action alleging breach of contract (*see Yenrab, Inc. v 794 Linden Realty, LLC*, 68 AD3d 755 [2009]; *Heffez v L & G Gen. Constr., Inc.*, 56 AD3d 526 [2008]). Where "a claim to recover damages for fraud is premised upon an alleged breach of contractual duties and the supporting allegations do not concern representations which are collateral or extraneous to the terms of the parties' agreement, a cause of action sounding in fraud does not lie" (*Yenrab, Inc. v 794 Linden Realty, LLC*, 68 AD3d at 757 [internal quotation marks omitted]; *see McKernin v Fanny Farmer Candy Shops*, 176 AD2d 233, 234 [1991]). Here, the fraud cause of action against the defendant State Farm Mutual Automobile Insurance Company (hereinafter State Farm) is based on the same allegations as the breach of contract cause of action. Accordingly, the Supreme Court properly granted that branch of State Farm's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the third cause of action, sounding in fraud, insofar as asserted against it.

Further, the Supreme Court properly granted those branches of the separate motions of the remaining defendants which sought to dismiss the fraud cause of action insofar as asserted against each of them. A cause of action to recover damages for fraud requires allegations of (1) a false representation of fact, (2) knowledge of the falsity, (3) intent to induce reliance, (4) justifiable reliance, and (5) damages (*see Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d 553, 559 [2009]; *Pace v Raisman & Assoc., Esqs., LLP*, 95 AD3d 1185 [2012]). Moreover, CPLR 3016 (b) requires that the circumstances underlying a cause of action based on fraud be stated "in detail" (*see Scott v Fields*, 92 AD3d 666, 668 [2012]). Here, the allegations of fraud against the remaining defendants either were bare and conclusory or do not rise to the level of fraud. Consequently, the Supreme Court properly granted those branches of the separate motions of the remaining defendants which were pursuant to CPLR 3211 (a) (7) to dismiss the third cause of action insofar as asserted against each of them.

However, the Supreme Court erred in granting that branch of State Farm's motion which was to dismiss the first cause of action, which alleged breach of contract. The first cause of action

contained sufficient factual allegations to state a cause of action to recover damages for breach of contract against State Farm. The complaint alleged, among other things, that the plaintiff entered into an insurance contract for State Farm to provide the plaintiff with no-fault insurance benefits if he was involved in a car accident, and that State Farm breached the contract by denying coverage for medical services. Since the allegations in the complaint were sufficient to state a breach of contract cause of action, the Supreme Court should have denied that branch of State Farm's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the first cause of action.

The Supreme Court properly granted that branch of State Farm's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the second cause of action, which sought consequential damages for breach of the no-fault insurance benefits policy. The plaintiff's prolix allegations, when "[s]tripped of their verbiage" (*United States Fid. & Guar. Co. v Pressler*, 77 NY2d 921, 923 [1991]), do not adequately plead facts that would support a finding that his damages for pain and suffering arose out of State Farm's alleged breach of its obligations under its no-fault insurance contract with him (*see id.* at 923).

The plaintiff's remaining contention is without merit. Balkin, J.P., Chambers, Roman and Hinds-Radix, JJ., concur.