In an action to recover damages for fraudulent inducement, fraud, and breach of contract, the defendants appeal, by permission, from an order of the Appellate Term of the Supreme Court for the Ninth and Tenth Judicial Districts, dated August 5, 2011, which affirmed an order of the District Court, Nassau County (Phoenix, J.), dated February 22, 2010, denying those branches of their motion which were pursuant to CPLR 3211 (a) (7) to dismiss the first and second causes of action.
Ordered that the order dated August 5, 2011, is reversed, on the law, with costs, those branches of the defendants’ motion which were pursuant to CPLR 3211 (a) (7) to dismiss the first and second causes of action are granted, and the order of the District Court, Nassau County, dated February 22, 2010, is modified accordingly.
On August 7, 1995, the plaintiff entered into a contract with the defendant Thomas Flanagan, as president of the defendant W. Park Associates, Inc., doing business as West Park Associates, Inc. (hereinafter WPA), a home improvement contracting company, to renovate his home and construct an addition. The contract provisions obligated WPA to install a new roof both on the existing portion of plaintiffs home and on the addition that was to be constructed. Pursuant to the terms of the contract, WPA was to use “30-year architectural roof shingles” when installing the roof. In May 2009, approximately 14 years after the parties executed the subject contract, the roof experienced a substantial leak. The plaintiff was informed by other roofers that WPA had used an inferior roofing shingle when installing *951 the roof, instead of the 30-year architectural roof shingle as promised.
In July 2009, the plaintiff commenced this action against WPA and Flanagan to recover damages for fraudulent inducement (first cause of action), fraud (second cause of action), and breach of contract (third cause of action). The defendants moved, inter alia, to dismiss the first and second causes of action for failure to state a cause of action. In an order dated February 22, 2010, the District Court denied those branches of the defendants’ motion which were to dismiss the first and second causes of action, which sounded in fraudulent inducement and fraud, respectively. The Appellate Term of the Supreme Court for the Ninth and Tenth Judicial Districts (hereinafter the Appellate Term) affirmed the District Court’s order.
“The elements of a cause of action sounding in fraud are a material misrepresentation of an existing fact, made with knowledge of the falsity, an intent to induce reliance thereon, justifiable reliance upon the misrepresentation, and damages” (Introna v Huntington Learning Ctrs., Inc., 78 AD3d 896, 898 [2010]; see Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559 [2009]; Circle Assoc., L.P. v Starlight Props., Inc., 98 AD3d 596, 598 [2012]; Whitehead v Town House Equities, Ltd., 8 AD3d 367, 368 [2004]). However, “a cause of action premised upon fraud cannot lie where it is based on the same allegations as the breach of contract claim” (Heffez v L & G Gen. Constr., Inc., 56 AD3d 526, 527 [2008]; see Yenrab, Inc. v 794 Linden Realty, LLC, 68 AD3d 755, 757 [2009]). Where a claim to recover damages for fraud is premised upon an alleged breach of contractual duties, and the allegations with respect to the purported fraud do not concern representations which are collateral or extraneous to the terms of the parties’ agreement, a cause of action sounding in fraud does not lie (see Yenrab, Inc. v 794 Linden Realty, LLC, 68 AD3d at 757). Further, “[g]eneral allegations that defendant entered into a contract while lacking the intent to perform it are insufficient to support [a] claim” of fraudulent inducement (New York Univ. v Continental Ins. Co., 87 NY2d 308, 318 [1995]; see Refreshment Mgt. Servs., Corp. v Complete Off. Supply Warehouse Corp., 89 AD3d 913, 914 [2011]) or fraud (see Marlowe v Ferrari of Long Is., Inc., 61 AD3d 645, 646 [2009]; WIT Holding Corp. v Klein, 282 AD2d 527, 528 [2001]).
Here, the allegations upon which the causes of action sounding in fraud and fraudulent inducement are based are the same as those underlying the cause of action alleging breach of contract. The allegations that Flanagan and WPA fraudulently *952 represented that WPA would use specific roof shingles “amount to nothing more than allegations of a misrepresentation of an intention to perform under the contract” (Yenrab, Inc. v 794 Linden Realty, LLC, 68 AD3d at 758; see WIT Holding Corp. v Klein, 282 AD2d at 528-529; see e.g. Gorman v Fowkes, 97 AD3d 726 [2012]). Accordingly, the Appellate Term improperly affirmed the order of the District Court denying those branches of the defendants’ motion which were pursuant to CPLR 3211 (a) (7) to dismiss the first and second causes of action.
The defendants’ remaining contentions are not properly before this Court. Mastro, J.P., Lott, Austin and Sgroi, JJ., concur.