20-1032-cv
*Tamm v. Cincinnati Insurance Company*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of June, two thousand twenty-one.

PRESENT:    AMALYA L. KEARSE,
            GERARD E. LYNCH,
            DENNY CHIN,
                    *Circuit Judges.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

EINAR TAMM, TAMM CONSULTING,
                    *Plaintiffs-Appellants,*


            -v-                                    20-1032-cv

THE CINCINNATI INSURANCE COMPANY,
TURNER FORENSICS, TURNER ENGINEERING,
P.C., DANIEL D. TURNER, TROY MCCLURE,
                    *Defendants-Appellees.*\*


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

\*       The Clerk of Court is respectfully directed to amend the caption as set forth above; the John Doe defendants have been omitted.

FOR PLAINTIFFS-APPELLANTS:            Einar Tamm, *pro se*, Riverdale, New York.

FOR THE CINCINNATI                    William O. Krekstein, Timoney Knox, LLP,
INSURANCE COMPANY:                    New York, New York.

FOR TURNER FORENSICS,                 Evan B. Rudnicki, Black Marjieh &
TURNER ENGINEERING, P.C.,             Sanford LLP, Elmsford, New York.
DANIEL D. TURNER, &
TROY MCCLURE:

Appeal from the United States District Court for the Southern District of

New York (Abrams, *J.*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED,**

**ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Einar Tamm, proceeding *pro se*, brought this action against The

Cincinnati Insurance Company ("Cincinnati") and several engineers and engineering

firms (the "Engineering Defendants") in New York State court, alleging that Cincinnati

owed him insurance payouts and that the engineers submitted false inspection reports

to Cincinnati as to the damage to Tamm's property.[1]  Cincinnati removed the case to the

district court, claiming that the Engineering Defendants, who were citizens of New

York, were fraudulently joined to defeat diversity jurisdiction because Tamm was also a

citizen of New York.  Tamm moved to remand and for attorney's fees and costs under

---

[1]    Tamm purports to appeal as well on behalf of his sole proprietorship, Tamm Consulting. A sole proprietorship, however, has no capacity to sue or be sued independently of its owner. *See Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007).

28 U.S.C. § 1447(c). The district court remanded the case, but denied Tamm's request for attorney's fees and costs. On appeal, Tamm challenges the district court's denial of attorney's fees and costs, and also contends that he is entitled to "damages" caused by the wrongful removal of the case. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Once a removed action is remanded to state court, the "order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). "The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party . . . ." *Id.* at 140.

While we lack jurisdiction to review the remand order itself, we have jurisdiction to review the district court's decision not to award costs, expenses, and fees pursuant to § 1447(c). *See Calabro v. Aniqa Halal Live Poultry Corp.*, 650 F.3d 163, 165 (2d Cir. 2011). We review the grant or denial of attorney's fees and costs under § 1447(c) for abuse of discretion. *Id.* at 166. "A district court abuses its discretion when (1) its decision rests on an error of law . . . or a clearly erroneous factual finding, or (2) its

3

decision . . . cannot be located within the range of possible decisions." *Manley v. AmBase Corp.*, 337 F.3d 237, 245 (2d Cir. 2003) (internal quotation marks omitted).

The district court did not abuse its discretion in denying Tamm costs and fees under § 1447(c), because Cincinnati had an objectively reasonable basis for removal. Cincinnati based its removal notice on the summons Tamm filed in state court, which simply listed the claims he sought to assert in his lawsuit. Cincinnati argued, based on the summons, that Tamm could not state a claim against the Engineering Defendants because, among other things, they were hired merely to assist in evaluating Tamm's claim and there was no relationship, contractual or otherwise, between Tamm and the Engineering Defendants. Thus, Cincinnati argued, Tamm fraudulently joined the Engineering Defendants to defeat diversity jurisdiction. *See Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 207 (2d Cir. 2001) ("A plaintiff may not defeat a federal court's diversity jurisdiction and a defendant's right of removal by merely joining as defendants parties with no real connection with the controversy." (internal quotation marks and alteration omitted)). A non-diverse defendant has been fraudulently joined when "there is no possibility, based on the pleadings, that the plaintiff can state a cause of action against the non-diverse defendant in state court." *Id.* (internal quotation marks omitted).

While the district court held that Tamm could possibly state a claim against the Engineering Defendants for tortious interference with a contract, the district

4

court did not abuse its discretion in concluding that Cincinnati's fraudulent joinder argument was not objectively unreasonable, because New York law limits an agent's liability for inducing its principal to breach a contract. *See, e.g.*, *Spain v. Howard Holmes, Inc.*, 108 A.D.2d 741, 742-43 (N.Y. App. Div. 2d Dep't 1985) (holding that corporation, which inspected plaintiff's vehicle and advised defendant to deny plaintiff's warranty claim, could not be liable even if corporation, acting as an agent of defendant, induced defendant to breach its contract with plaintiff). That the district court was not persuaded by Cincinnati's argument does not undermine the objective reasonableness of Cincinnati's decision to remove the case based on the information contained in the barebones summons. *See Vera v. Saks & Co.*, 335 F.3d 109, 116 n.2 (2d Cir. 2003) ("[W]e generally evaluate a defendant's right to remove a case to federal court at the time the removal notice is filed."). Accordingly, the district court did not abuse its discretion in denying Tamm's request for costs.[2]

---

[2] Tamm also argues that removal was unreasonable because the Engineering Defendants did not file a notice of consent to removal until more than 30 days after receiving Tamm's summons. Because Cincinnati had an objectively reasonable basis for arguing that the Engineering Defendants had been fraudulently joined, however, it was not unreasonable for it not to seek a timely notice of consent to removal from the Engineering Defendants. *See, e.g.*, *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988) ("[U]nder 28 U.S.C. § 1446(a), all defendants in a state action must join in the petition for removal, except for nominal, unknown or fraudulently joined parties."); *Gurney's Inn Resort & Spa Ltd. v. Benjamin*, 743 F. Supp. 2d 117, 120 (E.D.N.Y. 2010) ("[C]ourts may excuse the failure to join all defendants in the removal petition or to otherwise obtain their consent for removal where the non-consenting defendants have not been served, [are] unknown defendants, [or have been] fraudulently joined." (internal quotation marks omitted)).

Tamm argues that removal was nonetheless unreasonable because Cincinnati was a citizen of New York, and thus diversity jurisdiction did not exist even if the Engineering Defendants were improperly joined. Although Cincinnati has numerous offices in New York, the argument fails. For the purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Cincinnati is incorporated and headquartered in Ohio, and thus it is not a citizen of New York for purposes of diversity jurisdiction under 28 U.S.C. § 1332(c). *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 317 (2006) ("For purposes of diversity, a corporation surely is not deemed a citizen of every State in which it maintains a business establishment. Rather, . . . a corporation is 'deemed to be a citizen' only of 'any State by which it has been incorporated' and 'of the State where it has its principal place of business. Accordingly, . . . corporations ordinarily rank as citizens of at most 2 States . . . ." (citations omitted) (quoting 28 U.S.C. § 1332(c)(1))).

Finally, Tamm argues additional bases for the award of costs: under *Bi-Economy Market Inc. v. Harleysville Insurance Co. of New York*, 10 N.Y.3d 187 (2008), for consequential damages, and under the insurance policy itself. Tamm's request is premature, however, as the state court has not even found Cincinnati liable to Tamm, whether under the insurance policy or otherwise. *See Bi-Economy Mkt.*, 10 N.Y.3d at 192-93 (discussing damages available to a party after a finding that the insurer breached

the policy).  To the extent he claims damages from the removal itself, the claim fails for, as we have held above, Cincinnati had a reasonable basis for removal.

We have considered Tamm's remaining arguments and conclude that they are without merit.  Accordingly, we **AFFIRM** the judgment of the district court.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk